**Dionicio Contreras DURAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00010–CR.**

Court of Appeals of Texas,
El Paso.

Dec. 29, 1993.

Regina B. Arditti, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

OSBORN, C.J., and BARAJAS and LARSEN, JJ.

### OPINION

OSBORN, Chief Justice.

Dionicio Duran appeals from a conviction for the offense of theft over $200 but less

than $750. Upon a plea of guilt, the court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of life. The plea and sentencing occurred in January 1983. On January 4, 1993, the Court of Criminal Appeals granted Duran an out-of-time appeal on the ground that Duran was not advised by his trial attorney of his right to appeal his open plea of guilt. We reverse the trial court conviction and remand.

## DISCUSSION

In his second point of error, Duran argues that he is entitled to a reversal of his conviction and a new trial because the court reporter's notes from his 1983 plea proceeding have been lost or destroyed through no fault of Duran. Duran relies upon Texas Rule of Appellate Procedure 50(e).

In order to prevail under Rule 50(e),[1] Duran must show first that he made a timely request for a statement of facts and, second, that the court reporter's notes and records have been lost or destroyed without Duran's fault. In addition to the explicit requirements of Rule 50(e), the Court of Criminal Appeals has required appellants to show due diligence in attempting to secure a complete statement of facts. *See Culton v. State,* 852 S.W.2d 512, 514 (Tex.Crim.App. 1993); *Gibbs v. State,* 819 S.W.2d 821, 828 (Tex.Crim.App.1991). One method whereby an appellant can demonstrate due diligence is to obtain an affidavit from the court reporter explaining the absence of the missing portion of the record and file a motion to supplement the record supported by affidavit(s). *Culton,* 852 S.W.2d at 515.

In this case, the record contains affidavits from the current court reporter of the 210th

District Court and the individual who was the court reporter for that court at the time of Duran's plea, indicating their diligent but unsuccessful efforts to locate the notes from that proceeding. The affidavit from the reporter for the court in 1982 states that she did take the notes in the case near the end of 1982. This is not a case where no court reporter was present at the time of the plea. From our review of this record, we conclude that Duran has demonstrated all legally required due diligence in attempting to obtain a statement of facts, and his failure to obtain such a statement is not through the fault of Duran or his attorney.

The State argues that Rule 50(e) "presents an absurdity" when read in conjunction with Section 52.046(a)(4) of the Government Code. This section of the Government Code states the duties and powers of court reporters, and provides in pertinent part:

### § 52.046. General Powers and Duties

(a) On request, an official court reporter shall:

.     .     .     .     .

(4) preserve the notes for future reference for three years from the date on which they were taken. . . .

Tex.Gov't Code Ann. § 52.046 (Vernon 1988). The State argues that since Duran did not request his statement of facts until ten years after his plea of guilt and the court reporter had the authority to destroy her notes three years after the plea, a decision on the part of this Court to grant a reversal and new trial would be "nonsensical."[2]

We note that the Court of Criminal Appeals has acknowledged the tension between

---

**1.** Rule 50 states in relevant part:

(d) **Burden on Appellant**—The burden is on the appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal.

(e) **Lost or Destroyed Record**—When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. If the appellant has made a

timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts.
Tex.R.App.P. 50(d) and (e).

**2.** The State neither mentions nor appears to consider Texas Rule of Appellate Procedure 11(d) which requires court reporters, in a case where no appeal is taken and in which a defendant is convicted and sentenced to a term of more than

Section 52.046(a)(4) of the Government Code and Tex.R.App.P. 50(e) on at least two occasions. First, the Court addressed this issue in the context of a probation revocation in *Corley v. State*, 782 S.W.2d 859 (Tex.Crim.App.1989). In that case, after a *nolo contendere* plea in 1977, Corley was found guilty of sexual abuse of a child and placed on ten years' probation, which was revoked shortly before the expiration of the ten year period. While preparing for appeal of that revocation, Corley discovered that the court reporter's notes covering the original hearing had been destroyed and no statement of facts could be prepared. *Id.* at 860. The *Corley* Court held that Corley's attempt to designate the statement of facts from the original plea hearing was untimely when made after the court reporter had destroyed her notes as permitted by Section 52.046. *Id.* at 861. In so holding, the Court reasoned, "If we were to read Rule 50(e) as appellant wishes us to, each time a defendant's probation is revoked after a three year period, the defendant would automatically be entitled to a new trial even though the court reporter's notes have been properly destroyed." *Id.* The Court noted, however, that Corley's appeal was from the order revoking probation and not from the original plea hearing. *Corley*, 782 S.W.2d at 860.

In *Culton v. State*, 852 S.W.2d 512, 513 (Tex.Crim.App.1993), the appellant had pleaded no contest to a charge of aggravated sexual assault in 1987 and received deferred adjudication. When Culton was adjudicated guilty in 1990 and sentenced to twelve years' imprisonment, he appealed his conviction for aggravated sexual assault. *Id.* at 513–14. The court of appeals reversed Culton's 1987

conviction and remanded for a new trial because the statement of facts from the 1987 plea proceeding was not part of the record on appeal. *Culton v. State*, 818 S.W.2d 839 (Tex.App.—Houston [1st Dist.] 1991). The Court of Criminal Appeals granted the State's petition for discretionary review to determine whether Culton had met his evidentiary burden under Texas Rules of Appellate Procedure 50(d) and 50(e). *Culton*, 852 S.W.2d at 514. The Court found that Culton had not demonstrated due diligence in obtaining a statement of facts since nothing in the appellate record showed that Culton had contacted the court reporter of the appropriate district court or explained that the statement of facts was missing because the notes and records were lost or destroyed through no fault of Culton. *Id.* at 515.[3]

Justice Miller's dissenting opinion in *Culton* directly voiced the concern presented by the State in the present cause:

In this case, the State did not move to adjudicate appellant's guilt until *more than three years* after appellant's no contest hearing. Apparently, the court reporter was within her authority, pursuant to Sec. 52.046(a)(4), to destroy the notes from the no contest plea. Under Tex.R.App.Proc. 50(e), an appellant is entitled to a new trial if the court reporter's notes are lost or destroyed without appellant's fault. The possible interplay of these two provisions presents this Court with some unanswered questions, *viz:* (1) is the appellant entitled to a new trial under Rule 50(e) when the court reporter destroys his or her notes pursuant to Sec. 52.046(a)(4); and (2) how do we reconcile these two provisions.

two years, to file their non-transcribed notes with the district clerk within twenty days following the expiration of the time for perfecting appeal. *See* Tex.R.App.P. 11(d).

**3.** Two appellate court cases have arrived at contrary results. *See Martinez v. State*, 802 S.W.2d 105 (Tex.App.—Amarillo 1990, no pet.) and *McLennan v. State*, 796 S.W.2d 324 (Tex.App.—San Antonio 1990, pet. ref'd). In both cases, the appellants were adjudicated guilty more than three years after receiving deferred adjudication on pleas of guilt or *nolo contendere*. *Martinez*,

802 S.W.2d at 106; *McLennan*, 796 S.W.2d at 324. In these cases, the appellants had made timely, written requests to the court reporters who had recorded the original plea proceedings for the statement of facts from those proceedings. *Martinez*, 802 S.W.2d at 106; *McLennan*, 796 S.W.2d at 325–26. Both convictions were reversed on the ground that the appellants carried the burden of showing an inability to obtain the statement of facts through no fault of their own. *Martinez*, 802 S.W.2d at 108; *McLennan*, 796 S.W.2d at 326–27.

*Culton,* 852 S.W.2d at 516 (Miller, J., dissenting). Justice Miller merely stated the issue, however, without suggesting a resolution.

Though *Culton* and *Corley* raise the question of the interplay between Rule 50(e) and Section 52.046(a)(4), they do not resolve it and offer no guidance under the facts of the present cause. In this cause, Duran filed a post-conviction application for writ of habeas corpus with the Court of Criminal Appeals alleging that he was denied effective assistance of counsel because his trial counsel failed to inform him of his right to appeal. *Ex Parte Duran,* No. 71,563 (Tex.Crim.App., December 16, 1992, per curiam) (not designated for publication). After finding that Duran is entitled to an out-of-time appeal, the Court instructed:

> [T]he judgment in Cause Number 38645–210, in the 210th Judicial District Court of El Paso County, is vacated, so that applicant *can be returned to the point in time at which he can give notice of appeal.* For purposes of the Texas Rules of Appellate Procedure, all time limits shall be calculated *as if the conviction had been entered on the day that the mandate of this Court issues.* We hold that should applicant desire to prosecute an appeal, he must take affirmative steps to see that notice of appeal is given within thirty days after the mandate of this Court has issued. [Emphasis added].

The mandate issued on January 4, 1993. Duran timely filed notice of appeal and his appeal was reinstated on January 25, 1993. We concluded earlier in this opinion that Duran has demonstrated his due diligence in attempting to obtain a statement of facts, so this cause is distinguishable from *Culton.* Neither does this case compare to *Corley,* in which the statement of facts from the underlying plea was deemed not pertinent to the appeal on the probation revocation.

It is of no benefit to Duran for the Court of Criminal Appeals to return him to the point in time in which he can give notice of appeal and then allow the absent statement of facts to bring that process to a halt. His ineffective assistance claim cannot be properly briefed absent a statement of facts. Under the facts of this case, we conclude that Duran is entitled to reversal of his conviction and a new trial on the ground that the court reporter's notes from Duran's 1983 plea proceeding have been lost or destroyed through no fault of Duran. TEX.R.APP.P. 50(e). We sustain Duran's second point of error. Given our disposition on this point of error, we do not consider Duran's first point of error.

## DISPOSITION

We reverse the trial court conviction and remand.

BARAJAS, Justice, dissenting.

I respectfully dissent and would affirm the judgment of the trial court. The majority in the instant case have misconstrued and misapplied procedural rules which were not in existence at the time Appellant in the instant case entered his plea of guilty.

### I. *PROCEDURAL HISTORY*

The record in the instant case more accurately shows that on January 4, 1983, after having been admonished pursuant to TEX. CODE CRIM.PROC.ANN. art. 26.13 (Vernon 1989 and Supp.1993), Appellant entered his plea of guilty to the offense of theft over $200 but less than $750. He additionally entered a plea of true to each of the two enhancement paragraphs found in the indictment.[1] The trial court proceeded to hear evidence in support of Appellant's pleas. Appellant executed a document containing acknowledgment of rights, waiver of such rights, as well as his judicial confession. Although the above document provided for the trial court's consent and approval, the document itself

---

1. In addition to the enhancement paragraphs which alleged a prior heroin conviction as well as a conviction for burglary of a vehicle, the trial court was requested to take into consideration in assessing punishment, five unadjudicated felony offenses. The sentence imposed was ordered to run concurrent with yet another felony conviction for possession of heroin, such judgment of conviction having been entered October 15, 1982.

remained unsigned by the trial court. In addition to the execution of the above document, Appellant was sworn and confessed to the offense as alleged in the indictment as well as his previous convictions.

On April 1, 1992, Appellant filed a post-conviction application for writ of habeas corpus pursuant to TEX.CODE CRIM.PROC.ANN. art. 11.07 (Vernon 1977). Specifically, Appellant alleged as follows:

1) that his trial counsel failed to conduct an independent investigation into the facts and circumstances of the charge leveled against him; and,

2) that his trial counsel failed to advise him of his right to appeal.

The Court of Criminal Appeals, in *Ex parte Duran,* No. 71,563 (Tex.Crim.App., December 16, 1992, per curiam) (not designated for publication), found that Appellant's trial counsel had since passed away and thus was unable to answer the allegation. Under those circumstances, the Court found that the sworn allegations in the application for writ of habeas corpus that Appellant was not informed of his right to an appeal were true.[2] Consequently, the Court granted Appellant an out-of-time appeal of any **jurisdictional defects,** vacated the judgment of the trial court in order that Appellant could give notice of appeal, and further set the appellate time limits as if the judgment of conviction had been entered on the day the mandate issued on the granting of the post-conviction writ.[3] The mandate was issued on January 4, 1993, thus notice of appeal was due within thirty days, i.e., on or before February 3, 1993.

The record shows that Appellant gave timely notice of appeal on December 24, 1992. On March 5, 1993, Appellant timely requested preparation of the statement of facts. Finally, on June 9, 1993, this Court granted Appellant's motion to supplement the record with affidavits of the court reporters, each stating that the notes on Appellant's proceedings were lost or destroyed.

In Point of Error No. Two, Appellant argues that he is entitled to a reversal of his conviction and a new trial because the court reporter's notes from his 1983 plea proceeding have been lost or destroyed through no fault of his own.

In sustaining Appellant's second point of error and reversing and remanding the case, the majority relies almost exclusively on the application of TEX.R.APP.P. 50(e), a procedural rule which was promulgated in 1986, approximately three years after Appellant initially entered his plea of guilty.[4] In the instant case, Appellant objected to the appellate record on the ground of incompleteness, i.e., the failure to have a statement of facts of proceedings conducted prior to the effective date of TEX.R.APP.P. 50. The majority opinion has simply ignored the fact that TEX. R.APP.P. 50(e) was not in existence at the time a transcription of Appellant's proceedings would have been taken in 1983.

The Court of Criminal Appeals, in *Harris v. State,* 790 S.W.2d 568 (Tex.Crim.App. 1989), considered a case similar to the one at hand. In *Harris,* the defendant contended that he was entitled to a new trial because portions of the record had been lost. The

---

**2.** The Court of Criminal Appeals, although confronted with the above two distinct allegations of ineffective assistance of counsel, failed to address Appellant's first allegation, i.e., that he was denied effective assistance of counsel due to his trial counsel's failure to conduct an independent investigation into the facts and circumstances of the charge then pending against him. One must presume that Appellant's trial counsel was equally unable to answer the first allegation, and the allegation was likewise true.

**3.** The Court of Criminal Appeals, in *Ex Parte Duran,* noted in pertinent part as follows:

The trial court has informed the Court that applicant's trial counsel is deceased and there-

fore unable to answer the allegation. Under the circumstances, this Court finds that applicant's sworn allegations that he was not informed of his right to an appeal is true. Since Article 44.02 does not apply to open pleas of guilty, applicant is entitled to his right of first appeal of any **jurisdictional defects.** [Emphasis added.]

**4.** TEX.CODE CRIM.PROC.ANN. art. 40.09 was repealed effective September 1, 1986 and replaced by TEX. R.APP.P. 50.

Court was faced with determining whether it should apply the Rules of Appellate Procedure or the former corresponding provisions of the Code of Criminal Procedure, in particular TEX.CODE CRIM.PROC.ANN. art. 40.09 (Vernon 1979). Judge Duncan, writing for the Court, applied the law as it stood prior to the effective date of the Rules because "the appellate procedures appropriate to preserve his Objection to the Record were 'completed or required to have been completed prior to September 1, 1986 ...'". *Harris,* 790 S.W.2d at 574. Judge Duncan recognized that other proceedings, necessary to perfect the appeal, occurred **after** the September 1, 1986 effective date for the Rules. However, he noted that:

> It would be absurd ... to require an appeal to be perfected under one standard and then arbitrarily apply another standard. Therefore, as to this appeal, we find that the provisions of the Code of Criminal Procedure ... are applicable.

*Id.* See also *Payne v. State,* 802 S.W.2d 686, 689 (Tex.Crim.App.1990). The instant case, like *Payne* and *Harris* above, involves the application of procedures appropriate to preserving review of appellate issues which were required to have been completed prior to September 1, 1986, the effective date of TEX. R.APP.P. 50(e). Consequently, the majority is misguided in applying current appellate procedures to trial requests which are controlled by TEX.CODE CRIM.PROC.ANN. art. 40.-09.

Prior to the promulgation of Texas Rules of Appellate Procedure on September 1, 1986, requests for transcription of criminal trial proceedings were specifically controlled by TEX.CODE CRIM.PROC.ANN. art. 40.09(4) (Vernon 1979) which provided in pertinent part as follows:

> At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments.

---

5. Moreover, in applying the current rules of appellate procedure, in order to prevail under Rule

In *Timmons v. State,* 586 S.W.2d 509, 512 (Tex.Crim.App.1979), the Court of Criminal Appeals in interpreting the application of TEX.CODE CRIM.PROC.ANN. art. 40.09 stated:

> [T]he burden is on an appellant to establish that he ha[s] been deprived of his statement of facts. [Citation omitted]. To be entitled to a reversal of judgment of conviction where the statement of facts is not filed, an appellant must show due diligence in requesting it and that failure to file or to have the statement of facts timely filed is not in any way due to negligence, laches, or other fault on the part of the appellant and his counsel. [Citations omitted].

Thus, under the rules of criminal trial procedure applicable at the time Appellant entered his plea of guilty, if a defendant appellant desired to have the proceedings or any part thereof reported, he or his attorney was under the duty to so advise the trial court. *Brown v. State,* 505 S.W.2d 277, 278 (Tex. Crim.App.1974); *Taylor v. State,* 489 S.W.2d 890 (Tex.Crim.App.1973); *Jones v. State,* 496 S.W.2d 566 (Tex.Crim.App.1973); *Garrett v. State,* 434 S.W.2d 142 (Tex.Crim.App.1968).

The record in the instant case shows that Appellant, during the course of pleading guilty on January 4, 1983, and after having consulted with his trial counsel, elected to waive his right to file written pleadings, among other rights. Consequently, the record is silent as to any request of any party to have the court reporter take shorthand notes of all trial proceedings. *See* TEX.CODE CRIM. PROC.ANN. art. 40.09; and *Brown v. State,* 505 S.W.2d 277, 278 (Tex.Crim.App.1974). Having waived his right to file written pleadings and finding no request for a transcription of the proceedings, I would hold that Appellant, with the advice of counsel, has contributed to the failure to present a statement of facts of the proceedings of January 4, 1983. Accordingly, I would overrule Appellant's Point of Error No. Two.[5]

In sustaining Appellant's Point of Error No. Two, the majority has found it unneces-

---

50(e), Appellant must show:

sary to address the first point of error. However, once again I respectfully note my dissent from the majority opinion, and would address and overrule Appellant's Point of Error No. One.

In his first point of error, Appellant maintains that the trial court erred by failing to approve Appellant's waiver and consent in writing as per Article 1.15 of the Texas Code of Criminal Procedure before considering the stipulations of evidence. TEX.CODE CRIM. PROC.ANN. art. 1.15 (Vernon Supp.1994) provides:

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Article 1.15 thus provides that in order for a stipulation to be valid, the defendant's consent and waiver of rights must be approved by the court in writing. However, it is not the stipulation itself that must be approved in writing by the trial judge; it is the defendant's consent to stipulate that must be approved in writing by the trial judge.

1) that he made a timely request for a statement of facts;
2) that the court reporter's notes and records have been lost or destroyed without any fault of his own; and,
3) that due diligence be exercised in attempting to secure a complete statement of facts. TEX.R.APP.P. 50(e); *see also Culton v. State,* 852 S.W.2d 512, 514 (Tex.Crim.App.1993).

As noted in the majority opinion, the record in the instant case contains affidavits from the current court reporter of the trial court as well as from the court reporter of that court at the time of Appellant entered his plea of guilty in 1983. Both affidavits indicate that after a diligent and thorough search, the notes from that proceeding have not been located. Consequently, in applying current rules of appellate procedure, the majority correctly concluded that Appellant demonstrated the legally required due diligence in attempting to obtain a statement of facts. The

*McClain v. State,* 730 S.W.2d 739, 742 (Tex. Crim.App.1987); *Messer v. State,* 729 S.W.2d 694 (Tex.Crim.App.1986) (disapproving *Lopez v. State,* 708 S.W.2d 446 (Tex.Crim.App. 1986); *Young v. State,* 648 S.W.2d 6 (Tex. Crim.App.1983); and *Landers v. State,* 720 S.W.2d 538 (Tex.Crim.App.1986)). Failure to consent, in writing, to such waiver of rights and stipulation of evidence precludes a trial court from considering stipulations in deciding whether sufficient evidence exists to convict a defendant of the offense charged. *McClain v. State,* 730 S.W.2d at 742. Nonetheless, the absence of a trial judge's signature on the stipulation does not preclude compliance with Article 1.15 where the written judgment filed in the papers of the cause sufficient to show the trial court's approval of defendant's written waiver and consent to stipulation as required by statute. *Willhoite v. State,* 642 S.W.2d 531 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Moreover, if the record establishes the existence of sufficient evidence, absent the purported stipulations, then no error has been shown. *Blacklock v. State,* 820 S.W.2d 882, 884 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).

The record in the instant case firmly establishes that Appellant executed a document containing acknowledgment of rights, waiver of such rights, although the waiver and stipulations themselves were unsigned by the trial court.[6] The judgment of conviction, however, establishes that the trial court specifically gave its consent and approval for Appellant to waive such rights. Thus, I would hold that the trial court did comply with the man-

majority however, neglected to address the question whether Appellant's failure to file or otherwise have the statement of facts prepared and timely filed was due to any fault of his own, i.e., his failure to comply with the provisions of TEX. CODE CRIM.PROC.ANN. art. 40.09(4) (Vernon 1979).

6. The document, executed by Appellant reads as follows:

> I, Dionicio Contreras Duran, the defendant in the above entitled and numbered cause, do hereby in open court plead guilty to the charge in the indictment in said cause, and upon having entered my plea, hereby waive my right to a trial by jury after having obtained the consent and approval of the attorney representing the State to waive this right before entering this plea.
> I hereby consent, in open court, to waive the appearance, confrontation and cross-examina-

datory provisions of Tex.Code Crim.Proc. Ann. art. 1.15. *See McClain v. State*, 730 S.W.2d at 742; and *Willhoite v. State*, 642 S.W.2d at 533. Moreover, even if all the purported stipulated evidence in the trial court below were excluded, I would hold that the record establishes that Appellant was sworn under oath and confessed to the offense as alleged in the indictment as well as to each of the two enhancement paragraphs. A judicial confession is alone sufficient to sustain a conviction on a guilty plea under Article 1.15. *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App.1978). Accordingly, I would overrule Appellant's Point of Error No. One, and would affirm the judgment of the trial court.

tion of witnesses and further consent to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. I agree that the evidence may be stipulated and that the attorney representing the State may make a statement to the court embodying the testimony upon which the indictment was returned and the testimony which would have been produced against me in the trial of my case should I have demanded a jury trial.

I hereby request the consent and approval of the court to the foregoing waiver and consent.

**I do now hereby, in open court, admit all the allegations in the indictment in the cause and I confess that I committed the offense charged in the indictment,** waiving the rights to which Article 1.15 of the Texas Code of Criminal Procedure entitles me, particularly the right to require sufficient evidence to support the judgment of the court, in view of my judicial confession herein made.

I fully understand that the range of punishment for the offense of theft over two hundred dollars with two prior felonies is Life. I also understand that there has been no recommendation as to punishment made either to me or my attorney by any attorney or staff member of the District Attorney's Office. I further understand that no recommendation made by anyone is binding upon this Court in determining any punishment to be assessed by the court. [Emphasis added.]

/s/ Dionicio C. Duran
DEFENDANT