**Charlie Coleman WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00019–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1996.

Brian W. Wice, Houston, for Appellant.

John Holmes, District Attorney, Carol Cameron, Assistant District Attorney, for Appellee.

Before HUTSON–DUNN, O'CONNOR and ANDELL, JJ.

## OPINION

HUTSON–DUNN, Justice.

The issue in this case is whether appellant, Charlie Coleman White, is entitled to a new trial because the statement of facts from his trial has been lost or destroyed. We reverse and remand.

On March 5, 1987, appellant was convicted of delivery of cocaine and sentenced to 35–years confinement. No appeal was filed at the time of conviction.[1] On November 9, 1994, over seven years after his conviction, appellant was granted an out-of-time appeal by the Court of Criminal Appeals and attor-

---

1. There is a pro se motion in the record entitled, "Notice to Drop Appeal." In this notice, which was filed on March 6, 1987, appellant requested the trial court to "drop his written notice of appeal." However, there is no notice of appeal in the record.

ney Brian W. Wice was appointed to represent appellant on appeal.

On April 7, 1995, appellant filed a "Motion for Summary Reversal," in which he claimed that the court reporter from his trial was deceased and that the current court reporter was unable to locate her predecessor's notes. This Court remanded the case to the trial court to determine (1) whether the court reporter has recorded the proceeding, and (2) whether her notes could be located.

At the hearing, Arlene Webb, the current court reporter for the 232nd District Court of Harris County, testified that sometime in November 1994, Brian Wice called her and asked about obtaining the court reporter's notes from appellant's trial. Ms. Webb told Wice that Brenda Palmer was the court reporter at the time of appellant's trial. Brenda Palmer was deceased at the time of Wice's request.

Ms. Webb told Wice she looked through some of Ms. Palmer's tapes, but she could not find a record from appellant's trial. Ms. Webb also called Ms. Palmer's son, but he informed her he had none of Ms. Palmer's tapes at his home. Ms. Webb concluded she was unable to find any notes Ms. Palmer may have taken at appellant's trial.

On cross-examination by the State, Ms. Webb testified that although she talked with Wice on the telephone, she never received a written request to transcribe or prepare the statement of facts from appellant's trial or a designation of record for appeal. Ms. Webb also testified she had no personal knowledge that Brenda Palmer actually took down testimony or recorded any hearings from appellant's trial.

Appellant testified that during his trial in 1987, he remembered a woman sitting at a court reporting machine. Although he was not certain, he believed she was a black woman. Appellant recalled the woman making motions with her hand that indicated she was operating the stenographic machine.

Sally Murphy, a deputy district clerk for Harris County, testified appellant did not file a designation of record in his cause.

Finally, Carol Cameron, an assistant district attorney for Harris County, testified the State never filed a response to appellant's "Motion for Summary Dismissal" in this Court.

The trial court also took judicial notice of the entire record in appellant's cause. The transcript shows that on March 2, 1987, the State announced ready for trial, and the court granted a motion to adopt the pleadings and rulings made in appellant's earlier trial, which had ended in a mistrial. The space indicating whether a court reporter was present is marked "Court Reporter: _____." In the previous trial, appellant had requested a court reporter, although there is no ruling on that request in the record.

The docket sheet from March 3, 1987, indicates Brenda Palmer was the court reporter. The docket sheet also indicates that testimony was heard regarding a plea bargain appellant refused "as reflected in [c]ourt [r]eporters notes." The docket sheet also shows the State's motion in limine was granted "as reflected in [c]ourt [r]eporters notes."

The docket sheet from March 4, 1987, again shows Brenda Palmer was the court reporter. It also shows that appellant's motion for an instructed verdict was overruled "as reflected in the [c]ourt [r]eporters notes."

The docket sheet from March 5, 1987, indicates Brenda Palmer was the court reporter. It also shows a hearing was held outside the presence of the jury "as reflected in the [c]ourt [r]eporters notes." It also indicates arguments were heard "as reflected in the [c]ourt [r]eporters notes." Defense objections to the charge were also denied "as reflected in [c]ourt [r]eporters notes."

### COMPLIANCE WITH TEXAS RULE OF APPELLATE PROCEDURE 50(e)

Tex.R.App.P. 50(e) provides:

When the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the appellate court as in other cases. *If the appellant has had a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the ap-*

*pellant is entitled to a new trial* unless the parties agree on a statement of facts.

(Emphasis added).

The State argues that appellant has failed to meet his burden under rule 50(e) because: (1) appellant has failed to demonstrate that the court reporter's notes were lost or destroyed; and (2) by not showing that he timely requested a statement of facts, appellant has failed to exercise due diligence in attempting to secure a complete statement of facts.

**A. Was a record made and was that record lost or destroyed?**

 The evidence adduced at the hearing shows that in his first trial, appellant requested that a court reporter record the proceedings. In the second trial, all pleadings from the previous trial were adopted, although there is no affirmative ruling by the trial court on appellant's request for a court reporter. However, the docket sheet entries show that "Brenda Palmer" was the court reporter during appellant's second trial. In fact, several of the docket sheet entries say that certain events took place during the trial "as reflected in the court reporter's notes." This evidence would indicate that Brenda Palmer was present during the proceedings and was recording the trial. This evidence is also consistent with appellant's testimony that he recalled a woman at trial who appeared to be operating a stenographic machine. The State offered no controverting evidence. Therefore, appellant has met his burden of showing that his trial was recorded.

 Arlene Webb, the present court reporter, testified that after she was contacted by Mr. Wice she attempted to locate Brenda Palmer's notes from appellant's trial. By the time appellant was granted an out-of-time appeal, Brenda Palmer, the court reporter during his trial, was deceased. Ms. Webb testified that she even called Ms. Palmer's son to find out whether he might have some of Brenda Palmer's notes. Despite Ms. Webb's efforts, she was unable to locate any notes from appellant's trial. It is possible that the notes were destroyed after three years in compliance with Tex.Gov't Code Ann. § 52.046(a)(4) (Vernon 1988).

Again, the State introduced no controverting evidence to suggest that Brenda Palmer's notes were still in existence. Thus, we hold that appellant sufficiently proved that Brenda Palmer took notes during his trial, and that those notes have been lost or destroyed without his fault.

**B. Did appellant properly request a statement of facts?**

 To prevail under rule 50(e), an appellant must show (1) that he made a timely request for a statement of facts, and (2) that the court reporter's notes and records have been lost or destroyed without appellant's fault. *Culton v. State,* 852 S.W.2d 512, 514 (Tex.Crim.App.1993). A request for a statement of facts on appeal must be a "written request to the official reporter designating the portion of the evidence and other proceedings to be included therein." *Id.; Emery v. State,* 800 S.W.2d 530, 533 (Tex.Crim. App.1990).

 The record in this case shows the Court of Criminal Appeals granted appellant an out-of-time appeal on November 9, 1994. In its opinion, the court stated that all time limits would be calculated from the date its mandate issued. Mandate from the Court of Criminal Appeals issued on November 28, 1994. Therefore, appellant was required to give notice of appeal and make a written request for the statement of facts by December 28, 1994. Tex.R.App.P. 41(b)(1), 53(a).

Although Mr. Wice made a telephone call to Arlene Webb in an effort to locate Brenda Palmer's notes, it is undisputed that appellant made no written request for the statement of facts or designated which parts of the record he wished transcribed. Thus, appellant is unable to show he made a timely written request for a statement of facts.

Nevertheless, appellant argues that it would have been useless to file a written request for a statement of facts or a designation of record, because no such statement of facts existed at the time appellant was granted his out-of-time appeal. Alternatively, appellant argues that he has been denied effec-

tive assistance of counsel on appeal because his appointed counsel neglected to file a written request for a statement of facts or a designation of the record.

■ We agree that in this case it would have been useless for appellant to file a written request for a statement of facts or a designation of the record. The Court of Criminal Appeals granted appellant an out-of-time appeal seven years after he was convicted. By this time, Brenda Palmer was deceased, and the notes she took at appellant's trial could not be located. The evidence shows that as of the time appellant's out-of-time appeal was granted, the court reporter's notes were either lost or destroyed. The filing of a written request for a statement of facts at the time appellant was granted the right to appeal would not have prevented the loss or destruction of these notes. The law does not require counsel to do a useless act to demonstrate his effectiveness. *Winn v. State*, 871 S.W.2d 756, 762 (Tex.App.—Corpus Christi 1993, no pet.).

We reverse the judgment of the trial court and remand for a new trial.