# NO. 12-08-00357-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RAY CHARLES HAWKINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Ray Charles Hawkins appeals from his conviction for indecency with a child. In one issue, Appellant argues that he should be granted a new trial because the reporter's record for his trial is unavailable. We reverse and remand for a new trial.

### BACKGROUND

Appellant was convicted of indecency with a child in September 1993 and was sentenced to imprisonment for twenty years. Appellant attempted to appeal his conviction in 1994, but he did not timely file his notice of appeal, and this court dismissed his appeal. *See Hawkins v. State*, No. 12-94-00028-CR (Tex. App.–Tyler Feb. 17, 1994, no pet.) (per curiam) (not designated for publication). More than ten years later, Appellant applied for a writ of habeas corpus from the court of criminal appeals alleging that he received ineffective assistance of counsel and seeking an out of time appeal. *See Ex parte Hawkins*, No. AP-75,521 (Tex. Crim. App. Oct. 4, 2006) (per curiam) (unpublished). The court of criminal appeals granted relief and allowed Appellant to file an out of time appeal. *Id*.

Once again, Appellant filed notice of appeal. However, his attorney did not file a required certification from the trial court, and we dismissed his appeal. *See Hawkins v. State*, No.

1

12-06-00386-CR, 2007 Tex. App. LEXIS 682 (Tex. App.–Tyler Jan. 31, 2007, no pet.) (per curiam) (mem. op., not designated for publication). Appellant again petitioned the court of criminal appeals for relief asserting that his appellate counsel had provided ineffective assistance of counsel. The court granted relief, and this appeal followed. *Ex parte Hawkins*, No. AP-75,957, 2008 Tex. Crim. App. Unpub. LEXIS 504 (Tex. Crim. App. July 2, 2008) (per curiam) (unpublished).

After it became apparent that there was a problem with obtaining the record, this court directed the trial court to hold a hearing on the availability of the court reporter's record. The court held a hearing and determined that the record of the guilt/innocence portion of the trial could not be produced. It is not clear from the record what happened to the notes or recordings. According to the court reporter who regularly reported the proceedings in the trial court, another reporter substituted for him during the guilt/innocence phase of the jury trial in this case. That reporter, by an affidavit filed in this case, said that he had no notes or records that related to this trial and that he "believe[d]" that he "actually reported" in a different court that week.

## REPORTER'S RECORD

In one issue, Appellant argues that he cannot effectively appeal his conviction because there is no court reporter's record. Accordingly, he argues he is entitled to a new trial.

A defendant is entitled to a new trial if he has timely requested a reporter's record and, without his fault, a significant portion of the court reporter's notes and record are lost or destroyed, the lost or destroyed portions are necessary to the appeal's resolution, and they cannot be replaced by agreement of the parties or by other means. TEX. R. APP. P. 34.6(f). The parties agree that the transcript of the jury trial is lost and that it cannot be replaced by agreement. By virtue of the court of criminal appeals decision resetting the appellate timetable in this case, Appellant's request for a reporter's record was timely. *See Hawkins*, 2008 Tex. Crim. App. Unpub. LEXIS 504, at *1–2 ("All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues.").

### The State's Arguments

The State asserts that Appellant is not entitled to a new trial because the record is not necessary to the resolution of the appeal. Additionally, the State argues that Appellant was not diligent about seeking his appeal. Accordingly, pursuant to rule 34.6 and the equitable doctrine of

2

laches, the State argues that Appellant's delay in bringing this appeal precludes relief.

The arguments as to laches and Appellant's fault are predicated on the delay between the dismissal of Appellant's appeal in 1994 and his attempt to seek an out of time appeal in 2006. The trial court found that Appellant did not timely file his first notice of appeal or request for a record. In addition, the trial court found that Appellant had not done anything from 1994 to 2006 to attempt to obtain a record.[1] The trial court found that the loss of the record was due in part to Appellant's failure to timely request the record or to prosecute his appeal.

**Laches and Fault**

Prior to the adoption of rule 34.6, or its predecessor, rule 50(e), the common law rule for determining when a new trial should be granted included the laches doctrine. *See*, *e.g.*, *Dunn v. State*, 733 S.W.2d 212, 215 (Tex. Crim. App. 1987) (quoting *Timmons v. State*, 586 S.W.2d 509, 512 (Tex. Crim. App. 1979)). Specifically, an appellant was required to show that he acted with due diligence and that the failure to file a record was not due to his or his counsel's negligence, laches, or other fault. *Dunn*, 733 S.W.2d at 215.

The current rule is slightly different. Rule 34.6(f) requires that a request for the record be timely and also that the loss of the record have occurred without an appellant having "fault."[2] Most often the "fault" provision is invoked when an appellant effectively waives preparation of the record. *See*, *e.g.*, *Cheek v. State*, 65 S.W.3d 728, 730 (Tex. App.–Waco 2001, no pet.) (defendant at fault because he did not request or pay for a transcription of the necessary record). At least one court has found an appellant at fault in a case where an out of time appeal was granted. *See Branch v. State*, No. 03-07-00118-CR, 2008 Tex. App. LEXIS 3569, at *4 n.1, 16 (Tex. App.–Austin May 16, 2008, pet. ref'd) (mem. op., not designated for publication). In that case, the appellant's actions were closer to a waiver in that he was a fugitive for many years and his delay in seeking an appeal caused the clerk to destroy the record because fifteen years had passed since the trial. *Id*. at *15–16; *see also* TEX. R. APP. P. 13.6 (allowing clerk to destroy notes or recordings of proceedings after fifteen years). Neither situation is presented in this case.

---

[1] At a hearing on one of his applications for writ of habeas corpus, Appellant testified that he had been waiting to hear from his attorney during much of that time period. Neither of the hearings on Appellant's writs of habeas corpus were before the trial court when it heard evidence about the state of the record. Furthermore, the judge who held the hearing about the record was not the same judge who heard the trial or conducted the hearings on Appellant's applications for writs of habeas corpus.

[2] *See also Melendez v. State*, 936 S.W.2d 287, 288 n.2 (Tex. Crim. App. 1996) (tracing changes in this area of the law).

Appellant was not a fugitive, and his request for the record was within fifteen years of the date of his sentencing.[3]

The **Branch** decision cuts against Appellant's argument that he cannot have "fault" when the court of criminal appeals has granted an out of time appeal. However, courts that have considered the scope of relief provided when the court of criminal appeals grants an out of time appeal have treated the granting of an out of time appeal as a resetting of all time considerations. As the court observed in **Duran v. State**, 868 S.W.2d 879, 882 (Tex. App.–El Paso 1993, pet. ref'd), it would be of little use for the court of criminal appeals to return an appellant "to the point in time in which he can give notice of appeal and then allow the absent statement of facts to bring that process to a halt." *See also* **White v. State**, 916 S.W.2d 78, 81-82 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd).[4] Furthermore, the court of criminal appeals has held that the language used in its opinions granting out of time appeals should be broadly construed. *See* **Mestas v. State**, 214 S.W.3d 1, 4 (Tex. Crim. App. 2007). On the other hand, rule 34.6 separates the consideration of fault from the issue of timeliness. As the court held in **Branch**, a request can be, at once, timely yet too late. Therefore, we must determine whether Appellant is at fault and whether the laches doctrine precludes relief.

The "fault" language contained in rule 34.6 is similar to the common law laches doctrine adopted by the court of criminal appeals for postconviction collateral attacks on a conviction. *See* **Ex parte Carrio**, 992 S.W.2d 486, 487 (Tex. Crim. App. 1999). Even if rule 34.6 did not supplant the laches doctrine, we conclude that the State may not invoke it successfully here. First, the State concedes that it raised the issue of laches when it opposed each of Appellant's applications for writ of habeas corpus.[5] Accordingly, we think it reasonable to conclude that the court of criminal appeals decided this issue against the State's position when it granted relief two times. *See, e.g.,*

---

[3] Appellant was sentenced in October 1993. A request for the record was made in 2006 and again in September 2008.

[4] *See also* **Banks v. State**, Nos. 05-05-01050-CR, 05-05-01051-CR, 05-05-01052-CR, 05-05-01053-CR, 05-05-01054-CR, 05-05-01055-CR, 05-05-01056-CR, 2006 Tex. App. LEXIS 6749, at *3–5 (Tex. App.–Dallas July 31, 2006) (mem. op., not designated for publication), *rev'd other grounds,* **Banks v. State**, PD-1420-06, PD-1421-06, PD-1422-06, PD-1423-06, PD-1424-06, PD-1425-06, & PD-1426-06, 2008 Tex. Crim. App. Unpub. LEXIS 454 (Tex. Crim. App. 2008) (unpublished). In **Banks**, the State did not argue that the appellant was at fault for the delay in requesting the record, but the court held that the delay was not the appellant's fault because his request was timely pursuant to grant of out of time appeal. **Banks**, 2006 Tex. App. LEXIS 6749, at *3–5.

[5] On page 4 of its brief, the State writes, "In each of the habeas and appeals hearings held, the State objected that the Doctrine of Latches [sic] was implicated by the facts of this case."

*Harris v. State,* 790 S.W.2d 568, 579 (Tex. Crim. App. 1989) ("Under the doctrine of 'the law of the case,' where determinations as to questions of law have already been made on a prior appeal to a court of the last resort, those determinations will be held to govern the case throughout all of its subsequent stages, including a retrial and a subsequent appeal."); *but see **Ex parte Steptoe***, 132 S.W.3d 434, 435 (Tex. Crim. App. 2004) (Price, J. concurring) ("Generally we do not look behind the request for an out-of-time appeal or out-of-time petition for discretionary review to determine whether we should grant relief.").

Even if the court of criminal appeals did not reach that issue–the parties did not know that the record was lost when Appellant sought habeas relief–the State must make a particularized showing of prejudice. In other words, the State must show that prejudice was caused by Appellant's delay. *See **Carrio***, 992 S.W.2d at 488. The State cannot do this here. The State argues that if Appellant had sought an out of time appeal after his first appeal was dismissed, "the record of this case would most likely be available for the parties and this Court to review for error." We agree that Appellant's delay did not improve the situation. And we appreciate the candor of the State's argument. But its statement that the record would "most likely" be available had Appellant acted sooner is speculation, and the record does not show that Appellant's delay caused the record to be unavailable.

The mere passage of time, or the length of the delay, is not a determining factor when considering whether a party may invoke the laches doctrine. *Id*. Because there is no evidence showing when the record was lost,[6] it is not possible to conclude with any accuracy which period of delay is responsible for the loss of the record. Finally, given that Appellant was represented by counsel, two of whom failed to provide effective assistance of counsel, it is difficult to conclude that he, personally, did not act with reasonable diligence.[7]

Similarly, because the record does not show that his delay caused the loss of the record, we conclude that Appellant is not "at fault" pursuant to rule 34.6. One explicit change adopted in the

---

[6] The court reporters do not agree on who reported the trial in this case, and there is no evidence of who, in fact, reported the trial or when the record was lost.

[7] We agree with the State that, as a general rule, the trial court's findings are entitled to deference. That is so because the fact finder is the exclusive judge of the credibility of the witnesses and because virtually every fact finding involves a credibility determination. *See **Ex parte Amezquita***, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). The determinations made here, however, were based on facts that were not disputed. There was no disputed testimony at the hearing on the state of the record, and the evidence consisted solely of testimony from and affidavits by the court reporters.

current rule 34.6 is that there is no longer an imputation of fault to an appellant for the actions of his counsel. The common law rule held an appellant accountable for the actions, or inactions, of counsel, but rule 34.6 does not. Accordingly, under rule 34.6, the failings of counsel cannot be imputed to Appellant. Because whatever residual "fault" that Appellant bears for his years of inaction cannot be connected to the loss of the record, and because his request was within the fifteen years that the record should have been preserved, we conclude that Appellant was not at fault for the destruction or loss of the record.

## Need for Reporter's Record

Finally, the State argues that Appellant has failed to show that the missing portion of the record is necessary to his appeal. *See* TEX. R. APP. P. 34.6(f). The trial court found that the reporter's record would be necessary to the resolution of the appeal unless Appellant wished to appeal only those issues relating to the jury selection or punishment phases of the trial. This finding is supported by the record, and it does not appear that Appellant wishes to appeal only those issues relating to the jury selection or punishment phases of the trial.

The State points out that Appellant was vague when asked at one of the habeas hearings as to what it was that he wished to appeal. The State asked, "Do you have any idea what kind of error occurred at your trial that could be raised on appeal?" After an objection and a clarification of the question, Appellant testified that his attorney would not let him testify at trial, that he had witnesses who were not called, and that counsel "played sick two or three different times on the appeal." These are not claims for which the record is likely to provide much information. Furthermore, Appellant made no showing at all at the hearing on the availability of the record as to the areas he wished to appeal.

But Appellant is represented by counsel, and it is usually the role of counsel to identify issues to raise on appeal after reviewing the record. In *Payne v. State*, 802 S.W.2d 686, 687, 689 (Tex. Crim. App. 1990), the court ordered a new trial after the testimony of three witnesses had been "irretrievably lost." And in *Kirtley v. State*, 56 S.W.3d 48, 52 (Tex. Crim. App. 2001), the court held that the record of the punishment hearing was necessary because the defendant could raise the issue of ineffective assistance of counsel.

Here, the record of the entire trial has been lost except for opening statements, the voir dire examination, and the sentencing hearing. From what we can glean from the record, the trial in this case was not a mere formality or a summary proceeding. The case was mistried once, and

6

it related to allegations that Appellant went on a high school campus and sexually assaulted a young woman. Appellant, apparently, did not confess to the offense, and his defense was in the nature of an alibi. Accordingly, we conclude that the lost portion of the transcript is necessary for Appellant's appeal. *Cf.* ***Routier v. State***, 112 S.W.3d 554, 570–71 (Tex. Crim. App. 2003) (fifty-four pages not necessary for appeal); ***Tyler v. State***, No. 05-05-01378-CR, 2008 Tex. App. LEXIS 5211, at \*9–10 (Tex. App.–Dallas July 15, 2008, pet. ref'd) (mem. op., not designated for publication) (transcript of two minute opening statement not necessary for appeal). We sustain Appellant's sole issue.

## DISPOSITION

Having sustained Appellant's sole issue, we ***reverse*** and ***remand*** for a new trial.

**SAM GRIFFITH**
Justice

Opinion delivered February 17, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)