NO. 12-08-00357-CR

 

                         IN THE COURT
OF APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER,
TEXAS

RAY CHARLES HAWKINS,                             '                 APPEAL
FROM THE 114TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS                                                                      







MEMORANDUM
OPINION ON REHEARING

            The
State has filed a motion for rehearing requesting reconsideration of our
memorandum opinion issued on February 12, 2010.  The State raises two issues. 
First, the State argues that we misapplied Texas Rule of Appellate Procedure
13.6.  Second, the State argues that there is clear evidence of prejudice to
the State in the record due to Appellant’s delay in seeking an appeal.  We overrule
the State’s motion for rehearing.

Texas Rule
of Appellate Procedure 13.6

            Rule
13.6 provides that a court reporter must file the untranscribed notes or
original recordings of the proceeding with the trial court clerk when a
defendant does not appeal.  We referenced this rule when differentiating this
case from Branch v. State, No. 03-07-0018-CR, 2008 Tex. App.
LEXIS 3569 (Tex. App.–Austin May 16, 2008, pet. ref’d) (mem. op., not designated
for publication).  In Branch, the court found that a defendant
was at fault because he had been a fugitive for many years and his being absent
from the jurisdiction caused the notes of the trial to be destroyed.  Id.,
at *15–16.  We discussed Branch in tracing the extent of the
relief granted to a defendant when the court of criminal appeals grants an out
of time appeal.[1] This decision represented
an instance where a court had, despite the grant of an out of time appeal,
found that an appellant was not entitled to an appeal.  The State did not cite Branch
in its brief and has come forward with no cases where a court has held that a
defendant who was granted an out of time appeal had, nevertheless, waited too
long to assert his right to appeal.  In two other cases cited in our opinion,
courts held that appellants were entitled to new trials when the court of
criminal appeals granted an out of time appeal and the record was unavailable. 
See White v. State, 916 S.W.2d 78, 81-82 (Tex. App.–Houston [1st
Dist.] 1996, pet. ref'd); Duran v. State, 868 S.W.2d 879, 882
(Tex. App.–El Paso 1993, pet. ref’d).  

            As
we noted, Texas Rule of Appellate Procedure 34.6(f) allows for a new trial when
the record is timely requested and the loss is without the appellant’s
fault.  The relief granted by the court of criminal appeals in this case
ordered that Appellant be “returned to that time at which he may give a written
notice of appeal . . . .”  Ex parte Hawkins, No. AP-75,957, 2008
Tex. Crim. App. Unpub. Lexis 504, at *1–2 (Tex. Crim. App. July 2, 2008) (per
curiam) (unpublished).  “That time” is the date the sentence was imposed.  If
the relief ordered by the court of criminal appeals returned Appellant to the
date the sentence was imposed for all purposes, including considerations of
fault for loss of the record other than affirmative acts that cause the record
to be unavailable, the position taken in White and Duran,
our inquiry on this point is ended.  Under this construction of the
relief granted by the court of criminal appeals, Appellant’s request for the
record was timely and the loss of the record was without his fault.  

            If,
on the other hand, the relief granted only works to allow for a timely request
for the record, our holding that Appellant is without fault rests on two
independent grounds.  First, Appellant requested the record within the fifteen
years that the record was required to be maintained pursuant to rule 13.6.[2] 
Second, the loss of the record cannot be traced to Appellant’s delay in
bringing his appeal.  

            The
State makes an interesting argument with respect to the application of rule
13.6.  Appellant appealed his conviction in 1994.  We dismissed that appeal as
untimely filed.  See Hawkins v. State, No. 12-94-00028-CR (Tex.
App.–Tyler Feb. 17, 1994, no pet.) (per curiam) (not designated for
publication).  The State argues that rule 13.6 applies only in cases where
there is not an appeal.  Since Appellant did appeal this case, the State argues
that rule 13.6 does not apply here.  

            The
State asks, rhetorically, “[which] came first, the appeal or its dismissal.” 
The answer is that the twentieth day following the date to perfect Appellant’s
appeal came first.[3]  On that day, the
reporter was obligated by rule 13.6 to give the notes to the clerk.  As we stated
in our opinion, Appellant’s notice of appeal was due October 27, 1993.  Notice
of appeal was not filed until December 27, 1993.  The rules do not specifically
anticipate what is to occur when a request for the record is filed, as here,
after the date for perfecting an appeal.  Presumably the court reporter would
recover the notes from the clerk, although there is no specific mechanism that
provides for this.  Because the twentieth day following the date to perfect the
appeal came first, it is plausible to assert that the notes should have
remained with the clerk.  

            We
have examined our file from the 1994 case.  There was a motion filed to extend
time for preparation of the reporter’s record.[4]  As far as we can
determine, no record was ever prepared.  Ordinarily, the reporter will either
file the notes with the clerk pursuant to rule 13.6 or prepare the record
pursuant to a request.  In this case, it does not appear that the reporter did
either of those things, although a fair reading of the record suggests that
preparations were underway to begin work on preparing the record when we
dismissed the case.

            The
State argues that rule 13.6 does not apply and that the relevant government
code section requires only that notes be preserved for three years and only if
requested.  See Tex. Gov’t Code
Ann. § 52.046(a)(4) (Vernon 2005).  Accordingly, the State appears to
argue that because Appellant’s counsel filed a late notice of appeal and did
not file a request to preserve the record, the court reporter was free to destroy
any notes or records of the trial in this case as soon as this court dismissed
Appellant’s first appeal.  In fact, this did not happen, and there is a record
of the jury selection and the punishment phase of the trial.  For whatever
reason, the record of the trial itself no longer exists.  

            The
State argues that because “Appellant failed to timely request that the notes of
this trial be preserved, it must be that he bears the fault for the fact that
the notes are no longer available.”[5]  There are two problems
with this assertion.  First, it is not generally understood that a defendant is
at fault when he receives ineffective assistance of counsel.  In fact, such a
determination is a conclusion that counsel was so ineffective that the
defendant’s constitutional right to counsel was violated.   See Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d
674 (1984) (To obtain relief, a defendant must show that “counsel made errors
so serious that counsel was not functioning as the ‘counsel’ guaranteed the
defendant by the Sixth Amendment.”).  Second, as we pointed out in our
opinion, there is no evidence as to why the notes or records are unavailable or
when they became unavailable.  In fact, the affidavits offered by the State
conflicted as to who reported the trial.  Accordingly, we cannot conclude that
the unavailability of the record is due to Appellant’s delay in seeking an
appeal.

Laches

            The
State’s second argument is that it has suffered prejudice and that relief should
be denied on that basis.  We note, as we did in the opinion, that the State has
raised this argument twice before in the court of criminal appeals and that the
court of criminal appeals has twice granted Appellant relief.  

            The
State argues that it was prejudiced because it anticipates difficulties in
retrying the case and because the record is unavailable.  The State cites Ex parte Carrio, 992 S.W.2d 486, 488 (Tex. Crim. App.
1999), for the proposition that it must make a particularized showing of
prejudice.  The State must then show that the prejudice was caused by the
petitioner having filed a late petition, and that the petitioner has not acted
with reasonable diligence as a matter of law.  

            The
State’s argument that it will suffer prejudice if it has to try the case again
is not the kind of prejudice addressed in Carrio.  The court
explained that by prejudice it meant “the State must show [it] is prejudice[d]
in its ability to respond to the allegations in the petition.”  Id. 
Several sentences later, the court discusses whether the State has shown that
it is “prejudiced in its ability to respond to the current claims.”  Id. 


            The Carrio
decision was based on Rule 9(a) of the Rules Governing U.S.C.A. § 2254 Cases. 
Rule 9(a) was deleted as unnecessary in light of 1996 amendments that altered
federal habeas practice.  See 28 U.S.C. § 2254, Rule 9, Advisory
Committee note, 2004 Amendments.  However, in construing Rule 9(a), the Supreme
Court noted that Congress had not added a defense that the state would face
additional difficulties upon retrial.  See Vasquez v. Hillery,
474 U.S. 254, 265, 106 S. Ct. 617, 624, 88 L. Ed. 2d 598 (1986).[6]  

            Even
if there were an independent basis in Texas law to conclude that difficulty in
retrying the case is the kind of prejudice that will support a laches defense,
the State has failed to demonstrate that it would suffer prejudice beyond that attendant
to retrying any case after the passage of time.  Instead, after proposing a new
standard whereby relief should be denied because of prejudice to its ability to
retry the case, the State argues that it is an “impossible burden” for it to be
required to prove that it could not retry the case.  We disagree.  

            The
State could establish its inability to try a case by a variety of means.  An
investigator, for example, could testify that witnesses were unavailable or had
died.  A clerk could testify that the prosecution file has been destroyed. 
This is the kind of proof that is routine in cases where the state argues that
it cannot respond to an ineffective assistance of counsel claim because the
passage of time has impaired its ability to respond to the petition.[7]  See, e.g., Ex
parte Wolf, 296 S.W.3d 160, 168 (Tex. App.–Houston [14th Dist.] 2009,
pet. ref’d).  

            The
State also argues that it is prejudiced generally because the record is
unavailable.  However, as we have stated previously, there is no particularized
showing that Appellant’s delay caused the loss or destruction of the record. 
It stands to reason that the passage of time has not helped matters.  However,
the record of the jury examination and sentencing hearing is available and
there is no evidence as to when the missing portion of the record last existed
or what happened to it.  Accordingly, we cannot determine that the State has
made a particularized showing that Appellant’s delay caused it to be unable to
respond to his appeal. 

Conclusion

            The
State has an interest in maintaining convictions.  That interest is tested with
every appeal and every collateral attack on a conviction.  Appellant has
offered no justification for his delay in seeking an appeal, although the court
of criminal appeals has twice found that he was given ineffective assistance of
counsel in preparing his appeal.  The record in this case was lost before
Appellant was able to bring his appeal.  The evidence does not show that
Appellant’s delay in seeking an appeal caused the loss of the record.  We
overrule the State’s motion for rehearing.

                                                                             Sam
Griffith

                                                                                  
   Justice

 

 

Opinion delivered May 12, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO
NOT PUBLISH)









[1] The decision in Branch does not rely on
rules regarding preparation or preservation of the record because the
conviction in that case became final only after the defendant was returned to
the jurisdiction.  See Branch, 2008 Tex. App. LEXIS 3569, at *15
n.8. 

 





[2] Rule 13.6 provides as follows:

 

Filing of Notes in a Criminal Case. --When
a defendant is convicted and sentenced, or is granted deferred adjudication for
a felony other than a state jail felony, and does not appeal, the court
reporter must--within 20 days after the time to perfect the appeal has
expired--file the untranscribed notes or the original recording of the
proceeding with the trial court clerk. The trial court clerk need not retain
the notes beyond 15 years of their filing date.

 





[3] We agree with the State that Texas Rule of Appellate
Procedure 11(d) controlled at the time of Appellant’s trial.  That rule is the
same as rule 13.6 for the purpose of our analysis.

 





[4] As an aside, we note that even in 1994 there was
confusion as to who had reported the trial.

 





[5] It is undisputed that Appellant made an untimely
request for preparation of the record filed along with his 1993 appeal.  





                [6] Congress struck a different
and more mechanistic balance when it enacted the Antiterrorism and Effective
Death Penalty Act of 1996, 28 U.S.C. § 2244(d) (2002), which limited federal
habeas petitions to one year after the exhaustion of state remedies.

 





[7] As the State points out, after remand in the Carrio
case the trial court found that the State had been prejudiced in its
ability to respond to the petition and the court of criminal appeals denied
relief on that basis.  See Ex parte Carrio, 9 S.W.3d 163 (Tex.
Crim. App. 1999).  Because of the nature of the subsequent written opinion—the
court adopted the trial court’s findings––we cannot know what showing the State
made in that case.  See Carrio, 9 S.W.3d 163, 163 (Tex. Crim.
App. 1999).  The court did note in its original opinion that the State had, at
that time, made only a “general argument.”  See Carrio, 992
S.W.2d at 488.  As the court points out, a general argument about prejudice
suffered by the passage of time is merely an argument about delay, which the
court has held to be inadequate as the sole measure of whether a laches defense
is made.  Id.  We acknowledge that there is not a tight fit
between the laches doctrine as outlined in Carrio and this case. 
The lack of a record, which the State was not actually aware of at the earlier
habeas hearings, did not prejudice their ability to respond to Appellant’s
claim that counsel waited too long to file his appeals.  Nor does it directly
prejudice the State’s ability to respond to Appellant’s current claim other
than that the lack of the record means that Appellant cannot have an appeal.