**Herman Kenneth YOUNG**

v.

**The STATE of Texas, Appellee.**

No. 68165.

Court of Criminal Appeals of Texas, En Banc.

April 6, 1983.

Carneigie H. Mims, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. & Winston E. Cochran, Jr. & Jesse Rodriguez, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated kidnapping; the punishment is imprisonment for 10 years.

The appellant contends the trial court erred in finding him guilty in reliance on a stipulation that did not meet the requirements of Article 1.15 V.A.C.C.P. This Court has consistently held that compliance with this statute is mandatory for a stipulation to be considered as evidence. *Valdez v. State,* 555 S.W.2d 463 (Tex.Cr.App.1977); *Hughes v. State,* 533 S.W.2d 824 (Tex.Cr. App.1976).

Article 1.15 V.A.C.C.P. provides:

"... The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

In this case the judge did not consent to and approve the stipulation by his signature. In similar circumstances, *Ex parte Felton,* 590 S.W.2d 471 (Tex.Cr.App. 1979), it was said:

"... The language of Art. 1.13, supra, plainly requires that the waiver of the right to trial by jury 'must be *made* in person *by the defendant in writing...*' It does not say that the waiver is suffi-

cient if it be *reduced* to writing. It says *made* in writing. A printed form becomes a writing made by the defendant only when he places his signature on it and by that act adopts the writing as his own. This act not having been performed in this applicant's case, as evidenced by the forms in the record before us, there was no effective waiver of the right to trial by jury in compliance with Art. 1.13, and, under the express mandate of Art. 1.15, no felony conviction could have been lawfully entered...." (P. 472)

Article 1.15 V.A.C.C.P. provides: "Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers in the cause." Since the court must consent and approve in writing, the printed form becomes a writing of the court only when the judge places his signature on it. *Ex parte Felton,* supra. The failure of the court to comply with the requirements of Article 1.15 V.A.C.C.P. requires the reversal of the judgment. *Valdez v. State,* supra; *Hughes v. State,* supra. Since this was trial error, *Ex parte Duran,* 581 S.W.2d 683 (Tex.Cr.App.1979), an acquittal will not be entered.

The judgment is reversed and the cause remanded.