Craig Houston McCLAIN and Charles Vincent Navarro, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 01-83-0477-CR, 01-83-0478-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 12, 1985.

Rehearing Denied Oct. 10, 1985.

Robert A. Shults, Shults, Hetherington, Linder & Tarics, Houston, for appellants.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Veryl Brown, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and DUGGAN, JJ.

## OPINION

JACK SMITH, Justice.

Appellants were convicted in a non-jury trial of felony theft, and each was assessed punishment of three years in prison, probated, and a $500 fine. In reliance on *Casey v. State*, 633 S.W.2d 885 (Tex.Crim. App.1982), this court reversed and ordered acquittal because the appellants had no participation in the initial unlawful appropriation. The Texas Court of Criminal Appeals, 687 S.W.2d 350 (Tex.Crim.App.1985), overruled *Casey* and reversed and remanded those cases to this court to determine whether the evidence establishes that appellants' exercise of control of the affected property was without the owner's effective consent.

The appellants now assert, for the first time, that the trial judge did not sign the agreements to waive the appearance of witnesses and stipulate to the evidence. They contend that this oversight is fundamental error and requires reversal.

The appellants are correct in their assertion that Tex.Code Crim.P.Ann. art. 1.15 (Vernon 1977) requires a judge's approval in writing of a waiver of the appearance of witnesses and consent to stipulate evidence. *See also Ellard v. State*, 650 S.W.2d 840 (Tex.Crim.App.1983) and *Young v. State*, 648 S.W.2d 6 (Tex.Crim. App.1983).

The record in the present cases shows that the appellants and their attorneys, as well as the state's attorney, signed the written stipulations of evidence and waiver of rights. The signature lines on the instruments denoted for the judge were not signed. The statement of facts shows that the trial judge asked the parties several questions pertaining to the stipulations. After all the parties involved had reaffirmed their approval, the judge admitted the stipulations into evidence and announced in open court, "Very well, I will approve the stipulations." The trial judge

also made the following entry in handwriting on the docket sheets: "stipulation offered and approved."

The portion of article 1.15 relevant to this ground of error states: "Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause." In a special commentary to article 1.15 the Honorable John F. Onion, Jr., Chief Judge of the Texas Court of Criminal Appeals, stated:

These procedural amendments were designed to provide a permanent record in the event of any future question, by writ of habeas corpus proceeding or otherwise, as to the sufficiency of the evidence to corroborate the defendant's plea or support the court's judgment.

■ We first observe that article 1.15 does not require that the approval by the court in writing be placed upon the face of the instrument being approved. It only requires that the approval be in writing and be filed in the papers of the cause. As noted above, the trial judge in this case orally approved the stipulation, then made a handwritten notation of the approval on the court's docket sheet, which is included in the file of the papers of this cause.

We next observe that *Ellard* and *Young* were 1983 cases which preceded the recent case of *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Crim.App.1984) (op. on reh'g). In *Almanza*, the Texas Court of Criminal Appeals, in discussing fundamental error and ordinary reversible error reasoned:

If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

On the other hand, if no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created

such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Id.* at 171.

In *Hoobler v. State*, 695 S.W.2d 785 (Tex. App.—Houston [1st Dist.], 1985), this court applied the reasoning stated in *Almanza* to an alleged fundamental error under article 1.13 of the Texas Code of Criminal Procedure. In *Hoobler*, the prosecutor introduced into evidence a written waiver of jury trial signed by the appellant, the appellant's attorney, and the trial judge, but not signed by the prosecutor. The appellant did not deny that he had waived a jury trial and did not claim that the prosecutor had not consented to the waiver of a jury trial. Further, the appellant did not claim that he was deprived of the right to a jury trial. He alleged no harm but simply urged that the state's attorney never signed the printed waiver form. This court, in applying the standards set forth in *Almanza*, held that the appellant was not harmed as a result of the prosecutor's error and affirmed the conviction.

■ In the instant case, the appellants are asserting fundamental error under article 1.15 of the Texas Code of Criminal Procedure, because the trial judge failed to approve in writing the waiver of appearance of witnesses and consent to stipulate evidence. Appellants do not claim that the trial court did not approve the waiver and stipulation; they simply urge that the trial judge never signed the form. Further, the appellants do not assert that they were denied a fair and impartial trial or that they were harmed in any manner by the court's alleged procedural oversight. We first conclude that, although it would have been better procedure for the trial court to have signed the waiver and stipulation of evidence form on its face, the trial court's oral pronouncement of its approval of the waiver and stipulation made by the parties together with its handwritten approval on its docket sheet satisfy the requirements of article 1.15. We secondly conclude that the appellants have neither alleged nor proved that they were injured in any manner by

this alleged fundamental error. Applying the reasoning set forth in *Almanza,* we hold no harm has been shown and fundamental error has not been proved. The appellants' first ground of error is overruled.

The only issue remaining, the issue which the Texas Court of Criminal Appeals remanded for this court to determine, is the appellants' contention that the evidence fails to establish that their exercise of control of the affected property was "without the owner's effective consent."

In the remand opinion, 687 S.W.2d at 350, the Court of Criminal Appeals fully set out the salient stipulated facts. We set forth in this opinion only the facts material to the issue at hand. A Houston police officer received information from a jail inmate regarding the appellants and their business operation. Acting on this information, the officer checked out of the police department property room various items of personalty, including 10 gold chains. Following the officer's instructions, the inmate took the property to the appellants' place of business, gave it to appellant Navarro, and "had a discussion with him about selling the property to the co-defendants at Gulf Coast Coins." The inmate told Navarro that he had personally stolen the property. He later spoke to the appellant McClain, whom he told, "I risked my butt stealing this stuff and should get a better price." McClain then gave the inmate $140.00 and the inmate delivered the property to the appellants and left.

Appellants were charged with theft under Tex.Penal Code Ann. sec. 31.03(a), (b)(1) (Vernon Supp.1985), which provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent.

Tex.Penal Code Ann. sec. 31.01 (4)(D) (Vernon 1984) says:

(4) "Effective Consent" includes consent by a person legally authorized to act for the owner. Consent is not effective if:

(D) given solely to detect the commission of an offense.

The Texas Courts have consistently held for at least 130 years that an owner may aid in the detection of a commission of theft by encouragement or participation in its execution so long as the owner does not induce the accused to commit the offense. *E.g., Rovinsky v. State,* 605 S.W.2d 578, 580–81 (Tex.Crim.App.1980); *Alexander v. State,* 12 Tex. 540, 544 (1854). The Texas cases cited by the appellants do not contradict this doctrine although those cases resulted in reversal.

The statute states unequivocally that consent given for the purpose of detecting the commission of an offense is not effective consent. When a law enforcement agent acts as the owner, a complaint that a defendant was induced by the owner or his agent to commit the offense would be more appropriately raised as an entrapment defense. Tex.Penal Code Ann. sec. 31.03 Practice Commentary, and sec. 8.06(a) (Vernon 1974). The appellants raise no entrapment defense and, in fact, state that "the issue in this case is not one of entrapment but one of consent."

What distinguishes a lawful acquisition of property from unlawful theft is the knowledge that the acquisition is without the owner's consent. *McClain v. State,* 687 S.W.2d 350, 354 (Tex.Crim.App. 1985). The facts show that the officer gave the 10 gold chains to the inmate with instructions to make them available to the appellants. The inmate indicated to the appellants that he had stolen the chains and desired to sell them. When the appellants paid the inmate $140 for the chains and retained possession of the chains, there can be no doubt but that the appellants intended to purchase the chains without the owner's effective consent.

The only other contention raised by the appellants is that the purchase of the gold chains could not have been without

the owner's effective consent because the true owner of the chains was not known. We find no merit to this contention. Article 21.08 of the Texas Code of Criminal Procedure provides, "where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either." Under this article, if a person has lawful possession, it is immaterial who is the true owner of the property. The appellants neither alleged that the police officer did not have the right to possession of the 10 gold chains nor that they had any legal right to possession. Under these facts, the state met its burden of proof in establishing ownership under article 21.08.

The appellants' grounds of error are overruled, and the judgment of the trial court is affirmed.