Craig Houston McCLAIN and Charles
Vincent Navarro, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 1193–85, 1194–85.

Court of Criminal Appeals of Texas,
En Banc.

April 29, 1987.

Robert A. Shults, Houston, for appellants.

John B. Holmes, Jr., Dist. Atty. & J. Harvey Hudson and Veryl Brown, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITION FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

On direct appeal, the First Court of Appeals, in an unpublished opinion, see *McClain and Navarro v. State*, Nos. 01–83–0477–CR and 01–83–0478–CR, respectively, May 3, 1984, relying exclusively upon this Court's panel opinion of *Casey v. State*, 633 S.W.2d 885 (Tex.Cr.App.1982), reversed the convictions of Craig Houston McClain and Charles Vincent Navarro, hereinafter referred to as appellants, after finding that the evidence was insufficient because there was no proof under the State's theory that was alleged in each respective indictment, i.e., that the evidence was insufficient to establish that appellants had participated in the initial unlawful appropriation of the property that was allegedly stolen. It ordered the trial court to acquit each appellant.

Thereafter, this Court granted the State's petition for discretionary review in order to make the determination whether the reasoning underlying *Casey v. State*, supra, should be overruled. A majority of this Court voted to overrule *Casey*, supra, see *McClain and Navarro v. State*, 687

S.W.2d 350 (Tex.Cr.App.1985), and reversed the judgment of the court of appeals, holding, inter alia, that "it is clear that the general allegation that the conduct and accompanying mental state (appropriation with the intent to deprive) were done 'unlawfully,' or even 'without the owner's consent,' would support a conviction for theft in which the proof established the actor's 'initial taking,' his 'receipt knowing the property was stolen' or neither such mode of acquisition, so long as all elements of theft were proved. Section 31.03(b)(1) and (2) simply do not provide the 'nature of the forbidden conduct;' instead, they are both only 'circumstances surrounding the conduct,' which in no way constitute 'acts or omissions of the defendant. It follows that these provisions have evidentiary import only in terms of establishing the 'unlawfulness' of the appropriation, and the defendant is not entitled to have them expressed in the State's charging instrument as a matter of 'form' under *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) (Opinion on State's motion for rehearing), much less substance." (355). This Court then remanded the causes to the court of appeals in order for that court to make the determination whether the evidence established beyond a reasonable doubt that each appellant's exercise of control of the affected property was without the owner's effective consent.

Because of what later occurred, and what is before us to decide, we point out that what we will hold today has previously been effectively stated by Presiding Judge Onion in several opinions that he has filed that construed the provisions of Art. 1.15, V.A.C.C.P. His latest effort on the subject can be seen in this Court's recent opinion of *Messer v. State*, 729 S.W.2d 694 (Tex.Cr. App.1987), which he authored for the Court. Also see *Landers v. State*, 720 S.W.2d 538 (Tex.Cr.App.1986), another opinion on the subject that he authored for the Court. The judges on this Court who disagreed with Presiding Judge Onion in *Messer*, supra, did not disagree over his construction of Art.

1.15, supra; they only disagreed over his interpretation of *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), also see *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), and how those cases applied to the situation where there was a failure by the trial judge to comply with the requirements of Art. 1.15, supra. After finding that the court of appeals had erred by considering the stipulated evidence, which was based upon a stipulation that did not comply with the provisions of Art. 1.15, supra, this Court reversed the judgment of the court of appeals which had held the evidence was sufficient to sustain the convictions This Court also held that the error was only "trial error" and not "insufficiency of the evidence error." Thus, in *Messer*, supra, the defendant was not entitled to an acquittal, but only to a new trial.

In the dissenting opinion that Presiding Judge Onion filed in this Court's opinion of *McLain and Navarro*, supra, he pointed out that "an examination of the appellate record quickly reveals [that] the evidence consists entirely of stipulations entered in this trial before the court on the pleas of not guilty. Such stipulations do not comply with the provisions of Article 1.15, V.A. C.C.P. The appellants' waivers of the appearance, confrontation and cross-examination of witnesses and consent to the stipulations has not been approved by the trial court in writing ... Such stipulations cannot be considered as evidence ..." (356–357). Presiding Judge Onion also pointed out that this Court had long held that error in failing to satisfy the mandatory requirements of the statute may be raised for the first time on direct appeal. (357). Today, we will approve the above statements by Presiding Judge Onion.

After this Court remanded the instant causes to the court of appeals, that court rejected a contention made by each appellant that had not been previously presented, i.e., their convictions after pleas of guilty before the court must be reversed because "the trial judge did not sign the agreements to waive the appearance of witnesses and stipulate to the evidence." *McLain and Navarro v. State*, 697 S.W.2d 807 (Tex.App.—1st 1985).

■ The court of appeals did not err in considering the appellants' new complaint. In this Court's majority opinion of *Garrett v. State* (Tex.Cr.App., No. 642–83, June 11, 1986) (Pending on rehearing), it held that where this Court has remanded a cause to a court of appeals, notwithstanding the terms and conditions of the remand order, the court of appeals is free to entertain any new contentions that a defendant might then present, and in *Garrett v. State*, 656 S.W.2d 97, (Tex.App.–4th 1983), the San Antonio Court of Appeals did exactly that when it considered a contention which had not been presented to that court before this Court's remand order issued.

In this instance, on remand, the Houston First Court of Appeals applied "the reasoning set forth in *Almanza* [*v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984) ], [and held] that no harm has been shown and fundamental error has not been proved." A majority of this Court in *Almanza v. State*, supra, established new standards that are to be used in making the determination whether error in the trial court's charge to the jury is reversible error. The basis of the court of appeals' holding is that the trial judge had orally approved the written stipulations and had also made written docket sheet entries, to the effect that "the stipulations [were] offered and approved."

This Court granted the appellants' combined petition for discretionary review in order to make the determination whether the court of appeals correctly disposed of the appellants' contention. We find and hold that the court of appeals erred in disposing of this contention, and will reverse its judgments.

The court of appeals held that "Article 1.15 does not require that the approval by

the trial judge in writing be placed upon the face of the instrument being approved. It only requires that the approval be in writing and be filed in the papers of the cause." These findings enabled the court of appeals to conclude that the trial judge's *oral approval* of the stipulations, together with her handwritten notations of such approval on the docket sheets, constituted substantial compliance with the provisions of Art. 1.15, supra. By using the stipulations, the court of appeals was able to conclude that the evidence was sufficient to sustain each conviction, and affirmed the appellants' convictions.

 Art. 1.15, supra, provides in pertinent part: "... such consent [to stipulate] must be approved by the court in writing, and filed in the file of the papers of the cause." This Court has long held that compliance with the requirements of the statute must be strictly followed before a stipulation can be considered as evidence where the plea is before the court, and the failure of the trial judge to comply with the requirements of the statute will require that the judgment of the trial court must be reversed if it is found that it was based upon such stipulation. See, for example, *Young v. State*, 648 S.W.2d 6 (Tex.Cr.App. 1983). The statute is also applicable to pleas of not guilty before the court where a jury trial has been waived. See, for example, *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1979).[1]

 It is not the stipulation itself that must be approved in writing by the trial judge; it is the defendant's consent to stipulate that must be approved in writing by the trial judge. See *Landers v. State*, supra. Thus, under the statute, the stipulation becomes a "writing of the court" only when the trial judge places his signature on the consent to stipulate. See *Young v. State*, supra.

In *Landers v. State*, supra, this Court stated the following:

What appellant overlooks is that Article 1.15 requires that before stipulated evidence may be permitted in any plea before the court in a felony case the written waiver by the defendant of appearance, confrontation and cross-examination of witnesses and his consent to stipulation of evidence must be approved by the trial court, not the stipulation itself. A stipulation may be oral under Article 1.15, supra. An oral stipulation cannot be signed and approved by the trial court. The trial court is not required [under the statute] to examine each piece of stipulated evidence, oral or written, sign and approve it before introduction. The statute only requires that the defendant's waiver and consent to stipulate evidence be signed and approved by the trial court. (Footnote omitted.)

 In this instance, as occurred in *Messer*, supra, and *Landers*, supra, there is no nothing in either stipulation that might reflect approval by the trial judge in *writing* of the appellants' consent to stipulate; thus, the mandatory requirement of the statute, that before a stipulation may be considered as evidence the consent to stipulate must be approved by the trial judge, is missing from each cause. Because the stipulations do not comply with the provisions of Art. 1.15, supra, which is a mandatory statute, they cannot be considered as evidence. Also see *Elder v. State*, 462 S.W.2d 6 (Tex.Cr.App.1971); *Rangel v. State*, 464 S.W.2d 858 (Tex.Cr.App.1971); and *Hughes v. State*, 533 S.W.2d 824 (Tex. Cr.App.1976).

As previously pointed out, the failure of the trial judge in this instance to satisfy in each case the requirements of Art. 1.15, supra, which is a mandatory statute, was presented for the first time on direct appeal. This was permissible, and under this Court's past decisions such omissions mandate that the appellants' convictions must be reversed because the evidence, which consists solely of the stipulations, is, without the stipulations, insufficient.

1. However, stipulations, oral or written, in criminal cases where the plea of not guilty is entered before the jury do not have to comply with Art. 1.15, supra. See *Messer*, supra.

■ Therefore, we hold that the court of appeals, in holding that each appellant waived any complaint about the omission in his respective stipulation, and that such was not fundamental error, first erred in invoking and applying in principle this Court's decision of *Almanza*, supra, to these causes because *Almanza*, supra, only dealt with the way objected to and unobjected to error in the trial court's charge will be considered on appeal in order to make the determination whether the error in the charge calls for a reversal. We next find that the court of appeals erred in failing to give full meaning to Art. 1.15, supra. The error in failing to comply with the "consent to stipulate" provision of the statute cannot be waived by the defendant.

In this instance, the record reflects that on the day when appellants were tried together, at 9:20 o'clock a.m., identical completed forms entitled "Stipulation of Evidence and Waiver of Rights", which contains the signatures of each appellant, their attorney, and the prosecutor, were filed by the clerk of the trial court. For reasons not reflected in the record, these forms do not contain the signature of the trial judge below the typed word "APPROVED," where a blank space was left for her to sign her name. Below the blank space is typed her name and her court. Interestingly, however, the record reflects that at 9:25 o'clock a.m., a mere five minutes later, identical completed forms entitled "Waiver of trial by jury in felony less than capital" were filed by the clerk of the trial court. These completed forms had been signed by each appellant, their attorney, the prosecutor, *and the trial judge.*

2. In *Ex parte Aaron,* 691 S.W.2d 680, 684 (Tex. Cr.App.1985), in which only one judge of this Court joined in the opinion for the Court, with four judges joining the concurring opinion that was filed by Judge Clinton, with another judge concurring in part and dissenting in part with opinion, and another judge dissenting without opinion, using *Ex parte Collier,* 614 S.W.2d 429 (Tex.Cr.App.1981), as its linchpin, it was held that what this Court had previously stated regarding Art. 1.15, supra, as applied to a case on direct appeal, was not applicable in a collateral attack proceeding where it was asserted that the defendant's conviction was void because of the failure of the trial judge to satisfy the requirements of Art. 1.15, supra. This Court in *Ex*

■ We hold that without the stipulated evidence, which is all of the evidence that was presented in the trial court, the evidence is insufficient to support the convictions. *Young v. State,* supra.[2] However, as the errors of omission are only trial errors under *Messer v. State,* supra, acquittals will not be entered.[3]

The judgments of the court of appeals are reversed and the causes remanded to the trial court.

CAMPBELL, J., concurs in the result.

McCORMICK, J., dissents.

MILLER and WHITE, JJ., believing that the trial judge substantially complied with Art. 1.15, V.A.C.C.P., by his docket sheet entry, dissent.

CLINTON, Judge, concurring.

Wordy as it is, the opinion of the Court is correct in its germane findings regarding the written waiver and consent by defendant under Article 1.15, V.A.C.C.P. I write to address further the opinion of the Court of Appeals, and then to comment on a matter of procedure suggested by Article 1.15.

The Court of Appeals observed that Article 1.15 "does not require that approval by the court in writing be placed upon the face of the instrument being approved." *McClain and Navarro,* 697 S.W.2d 807 (Tex.App.—Houston [1st] 1985). The statute is not readily susceptible to that interpretation, and in *Young v. State,* 648 S.W.2d 6 (Tex.Cr.App.1983), the Court said

*parte Aaron,* supra, held that in that instance the conviction could not be collaterally attacked "in the absence of a showing of harm," and because the defendant in that cause had failed to show how he was harmed, the relief sought was denied.

3. Judges Clinton and Teague continue to subscribe to the view that the errors of omission that occurred in these causes entitle the appellants to acquittals, rather than reversals, because they believe that this type error is not "trial error", but is, instead, "insufficiency of the evidence error."

that "the printed [consent and waiver] form becomes a writing of the court *only* when the judge places his signature on it." *Id.*, at 7. (All emphasis is mine throughout unless otherwise noted.) Granted the Court there was dealing with a form waiver and consent and not a separate approval in writing claimed to comply with Article 1.15, still the practice has long been to show written approval by the court on the waiver and consent form itself. See, e.g., *Landers v. State*, 720 S.W.2d 538, 540, n. 3 (Tex.Cr.App.1986).

We would be hardpressed to find the Legislature contemplated the judge of a trial court could disdain the written waiver and consent in order to indicate approval on some other paper. That procedure, as well as creating a risk that the latter paper may not be "filed in the file of the papers of the cause," as the Court has always held a written approval must be, seems terribly impractical, mighty inconvenient and somewhat wasteful.

But even if the judge may cause the trial court to "approve in writing" on another paper a written waiver and consent, the same must still be filed among the papers of the cause. Here there is just a docket sheet entry, and it is not filed as the statute requires: "in the file of the papers of the cause."

Turning to the opinion of this Court, there is also a similar question lurking about but not answered. Judge Teague writes for the Court that defendant's written waiver and consent "must be approved in writing by the trial judge." PP. 742 and 743. *Landers v. State*, supra, said Article 1.15 "requires" that a waiver and consent be *"signed* and approved by the trial court." Neither opinion, nor so far as I have found has any opinion of the Court, dictates WHEN in the course of reviewing and approving a written waiver and consent a judge must do the "writing," and cause the written approval of the trial court to be filed among the papers of the cause.

One reason for requiring approval is that the court is, in effect, accepting the stipulated evidence as a (if not the) basis for its judgment against an accused; that approval must be in writing is, as the Houston (1st) Court correctly discerned from the Special Commentary to Article 1.15, "to provide a permanent record in the event of any future question.... as to the *sufficiency of the evidence* to support the defendant's plea or support the count's judgment." So it occurs to me that the last sentence of Article 1.15 may be construed to permit a trial judge orally to approve a written waiver and consent to signify the stipulated evidence will be accepted—as many judges already do during admonishment and taking a plea—and later memorialize approval of the court by signing the same waiver and consent paper, then to be filed among the papers of the cause. Of course, it cannot be claimed that was done here.

With those observations I concur with the reversal, but would order an acquittal rather remand to the trial court.