**Opinion filed July 21, 2011**



In The

# Eleventh Court of Appeals

_____

### No. 11-10-00095-CR
_____

**BOBBY BLANTON, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 7th District Court**

**Smith County, Texas**

**Trial Court Cause No. 007-1464-09**

## M E M O R A N D U M   O P I N I O N

Bobby Blanton entered an open plea of guilty to the offense of aggravated sexual assault of a child, a first degree felony. The trial court assessed punishment at confinement for life. In his sole issue, appellant argues that the stipulation of evidence that the State offered to support his plea of guilty was insufficient due to a variance between the date alleged in the indictment and the date on which he stipulated that the offense occurred. We affirm.

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce evidence showing a defendant's guilt after the defendant enters a plea of guilty before the court in a felony case. TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2005). The defendant may

stipulate to such evidence. *Id.* Evidence is sufficient to support a plea of guilty if it embraces every element of the offense charged. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). A stipulation of evidence that fails to establish every element of the offense charged will not authorize the trial court to convict, and a conviction rendered without sufficient evidence to support a plea of guilty constitutes trial error. *Id.* at 14. Article 1.15 is a mandatory statute. *See* Article 1.15 ("[I]n no event shall a person charged be convicted upon his plea without sufficient evidence to support the same."); *McClain v. State*, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987). An issue challenging the trial court's compliance with this statute may be raised for the first time on appeal. *See McClain*, 730 S.W.2d at 743; *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing *McClain*); *see also Menefee v. State*, No. 12-07-00001-CR, 2010 WL 3247816 at *5 (Tex. App.—Tyler August 18, 2010, pet. ref'd) (mem. op., not designated for publication).

The precise date when a charged offense occurred is not usually a material element of an offense. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). When an indictment alleges that an offense occurred "on or about" a particular date, the State is not bound by the date alleged so long as the evidence establishes that the offense was committed before the presentment of the indictment but within the statutory limitations period. *Sledge v. State*, 953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997).

In this case, the indictment was filed on August 20, 2009. The indictment alleged that the offense occurred "on or about the 1st day of January, 2002." The stipulation of evidence stated that the offense occurred "on or about the 1st day of January, 2001." Other than the date, the description of the offense in the stipulation of evidence was the same as that in the indictment.

Appellant was charged with aggravated sexual assault of a child under the age of fourteen. Currently, there is no limitations period for this offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B) (Vernon Supp. 2010); TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 2011). This provision became effective on September 1, 2007, and applies to all offenses whose limitations period had not run by the effective date. Act of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.03, 4.01(c), 2007 Tex. Gen. Laws 1120, 1120-21, 1148. On the date stipulated, the limitations period for aggravated sexual assault of a child under the age of fourteen was ten years after the victim reached the age of eighteen. *See Chafin v. State*, 95 S.W.3d 549, 554 (Tex. App.—Austin 2002, no pet.); *Walker v. State*, 4 S.W.3d 98, 104 (Tex. App.—Waco 1999, pet.

2

ref'd).  Even assuming that the victim was fourteen years old at the time the offense occurred, the former limitations period would not have run until 2014.  Therefore, this offense is subject to the current limitations provision.

Because the date of the offense established by the stipulation of evidence was prior to the presentment of the indictment and because there is no limitations period for this offense, the date in the stipulation of evidence was sufficient to support the offense charged by the indictment. *Sledge*, 953 S.W.2d at 255. Appellant's issue is overruled.

The judgment of the trial court is affirmed.

PER CURIAM

July 21, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.