Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00095-CR

                                                    __________

 

BOBBY BLANTON, Appellant

V.

 

STATE OF TEXAS, Appellee

 

 

                                    On
Appeal from the 7th District Court

 

                                                            Smith
County, Texas

 

                                                Trial
Court Cause No. 007-1464-09

 



 

M E M O R A N D U M   O P I N I O N

Bobby
Blanton entered an open plea of guilty to the offense of aggravated sexual
assault of a child, a first degree felony.  The trial court assessed punishment
at confinement for life.  In his sole issue, appellant argues that the
stipulation of evidence that the State offered to support his plea of guilty
was insufficient due to a variance between the date alleged in the indictment
and the date on which he stipulated that the offense occurred.  We affirm.

Article
1.15 of the Texas Code of Criminal Procedure requires the State to introduce
evidence showing a defendant’s guilt after the defendant enters a plea of
guilty before the court in a felony case. Tex.
Code Crim. Proc. Ann. art.
1.15 (Vernon 2005). The defendant may stipulate to such evidence. Id. Evidence
is sufficient to support a plea of guilty if it embraces every element of the
offense charged. Menefee v. State, 287 S.W.3d 9, 13 (Tex. Crim. App.
2009). A stipulation of evidence that fails to establish every element of the
offense charged will not authorize the trial court to convict, and a conviction
rendered without sufficient evidence to support a plea of guilty constitutes
trial error. Id. at 14. Article 1.15 is a mandatory statute. See 
Article 1.15 (“[I]n no event shall a person charged be convicted upon his plea
without sufficient evidence to support the same.”); McClain v. State,
730 S.W.2d 739, 742 (Tex. Crim. App. 1987).  An issue challenging the trial
court’s compliance with this statute may be raised for the first time on
appeal.  See McClain, 730 S.W.2d at 743; Stewart v.
State, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.)
(citing McClain); see also Menefee v. State, No. 12-07-00001-CR,
2010 WL 3247816 at *5 (Tex. App.—Tyler  August 18, 2010, pet. ref’d) (mem. op.,
not designated for publication).

The
precise date when a charged offense occurred is not usually a material element
of an offense.  Garcia v. State, 981 S.W.2d 683, 686 (Tex. Crim. App.
1998).  When an indictment alleges that an offense occurred “on or about” a
particular date, the State is not bound by the date alleged so long as the
evidence establishes that the offense was committed before the presentment of the
indictment but within the statutory limitations period.  Sledge v. State,
953 S.W.2d 253, 255-56 (Tex. Crim. App. 1997).

In
this case, the indictment was filed on August 20, 2009.  The indictment alleged
that the offense occurred “on or about the 1st day of January,
2002.”  The stipulation of evidence stated that the offense occurred “on or
about the 1st day of January, 2001.”  Other than the date, the
description of the offense in the stipulation of evidence was the same as that
in the indictment.

Appellant
was charged with aggravated sexual assault of a child under the age of fourteen. 
Currently, there is no limitations period for this offense.  See Tex. Code Crim. Proc. Ann. art. 12.01(1)(B)
(Vernon Supp. 2010); Tex. Penal Code
Ann. § 22.021(a)(1)(B) (Vernon
2011).  This provision became effective on September 1, 2007, and applies to
all offenses whose limitations period had not run by the effective date.  Act
of May 18, 2007, 80th Leg., R.S., ch. 593, §§ 1.03, 4.01(c), 2007 Tex. Gen.
Laws 1120, 1120-21, 1148.  On the date stipulated, the limitations period for
aggravated sexual assault of a child under the age of fourteen was ten years
after the victim reached the age of eighteen.  See Chafin v. State, 95
S.W.3d 549, 554 (Tex. App.—Austin 2002, no pet.); Walker v. State, 4
S.W.3d 98, 104 (Tex. App.—Waco 1999, pet. ref’d).  Even assuming that the victim
was fourteen years old at the time the offense occurred, the former limitations
period would not have run until 2014.  Therefore, this offense is subject to
the current limitations provision.  

Because
the date of the offense established by the stipulation of evidence was prior to
the presentment of the indictment and because there is no limitations period
for this offense, the date in the stipulation of evidence was sufficient to
support the offense charged by the indictment.  Sledge, 953 S.W.2d at
255. Appellant’s issue is overruled.

The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

July 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.