**Reverse and Remand and Opinion Filed January 14, 2014**



In The

### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-12-01019-CR
No. 05-12-01020-CR

**BRANDEN KEITH TAYLOR WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-80602-2012 & 296-80603-2012**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Branden Keith Taylor Wilson appeals his convictions for unauthorized use of a vehicle and evading arrest with a vehicle. After finding him guilty, the trial court sentenced him to 180 days in a state jail facility and eight years in prison, probated for six years, and a $500 fine, respectively. In a single issue, appellant contends the evidence is legally insufficient to support his convictions and the trial court erred by failing to approve in writing his waiver of certain rights and consent to stipulate. We agree the stipulation was improper, conclude the error was trial error, and reverse and remand each case to the trial court for new trial.

Appellant appeared for trial on June 12, 2012. Appellant said he knew he was there "for [his] charges," and the trial court told him they were having a "trial by paper," specifically that his lawyer and the lawyer for the State had "submitted briefs to the Court and evidence to the

Court, and the Court is just going to go back to its chambers and read everything. And you're either guilty of it or you're not." Appellant indicated he understood.

During arraignment, appellant's attorney affirmed that appellant "knows and understands he has certain rights, and to the extent that this case is being submitted to the Court, he is waiving those rights although he understands he is presenting evidence to the Court by stipulation from both the state and on his behalf." He entered a plea of not guilty to each charge. The trial court then asked the attorney for the State, "Do you have anything?" and he replied, "No, Your Honor."

While the trial court stated the parties had "submitted briefs to the court and evidence to the court," and agreed to review "everything" in making a decision, the State did not offer and the trial court did not admit evidence during the hearing. No written agreement to stipulate or written stipulation signed by any of the parties was admitted. Although appellant orally stipulated the State was "presenting evidence," he did not indicate what evidence was offered or what that evidence would or would not show.

The trial court took the cases under advisement and told the parties it would notify them when a decision was reached. A discussion was held on how punishment would be decided if the trial court found appellant guilty, and the parties were excused. The next day, the trial court issued a written "Memorandum" stating, "On June 12, 2012 the Court held a Trial Before the Court by submission. The Court FINDS the Defendant GUILTY of the charges as alleged in the indictments. Counsel shall agree to a date to hold a sentencing hearing *instanter*."

Nine days later, appellant again appeared in court. Having entered into plea agreements with the State on punishment, he waived his right to a punishment hearing. The trial court admonished appellant who testified regarding punishment matters. Appellant was sentenced to 180 days in a state jail facility and eight years in prison, probated for six years, and a $500 fine.

–2–

Appellant now challenges his convictions, claiming the State failed to introduce sufficient evidence at trial establishing each element of the charged offense beyond a reasonable doubt and the trial court erred by failing to approve in writing appellant's waiver of rights and consent to stipulate to the evidence.

Article 1.15 of the code of criminal procedure provides in part:

> The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). Article 1.15 applies to pleas of not guilty when a jury trial has been waived. *Messer v. State*, 729 S.W.2d 694, 699 (Tex. Crim. App. 1986) (op. on reh'g). The statute's requirements must be strictly followed before a stipulation, either oral or written, can be considered as evidence. *McClain v State*, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987). The trial judge is not required to examine or approve the stipulated evidence but must approve in writing the defendant's consent to stipulate. *Id.* Only after the defendant's consent to stipulate is approved in writing by the trial court may the stipulation be considered as evidence. *See id.* at 742–43.

The trial court's failure to approve in writing a stipulation of evidence does not constitute reversible error if, excluding the stipulation, sufficient evidence exists to support the conviction. *See id.* at 743; *Johnson v. State*, No. 05-04-01088-CR, 2005 WL 459052, at *2 (Tex. App.—Dallas Feb. 28, 2005, no pet.) (not designated for publication) (no reversible error in admitting stipulation when appellant admitted to prior convictions during testimony); *Carter v. State*, No. 05-98-00319-CR, 2000 WL 688214, at *3 (Tex. App.—Dallas May 22, 2000, pet. ref'd) (not designated for publication) (no reversible error in admitting improper stipulation in light of

arresting officer's testimony of weight of cocaine and admission of actual cocaine at trial); *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (no reversible error in admitting improper stipulation when defendant judicially confessed to offense). If, however, the trial court fails to approve the stipulation and the evidence presented at trial consists solely of the stipulation, the evidence is insufficient and the judgment must be reversed. *McClain*, 730 S.W.2d at 742. Here, because the trial court did not approve the stipulation, and no evidence exists apart from the stipulation, the judgments must be reversed. *See id*.

In reaching this conclusion, we reject the State's argument that the error did not affect a substantial right because appellant's oral statements to the trial court are evidence of his intent to waive certain rights and consent to a "trial by submission." Evidence sufficient to overcome a stipulation error, as outlined in the cases cited above, is actual evidence that is presented at trial independent of the erroneous stipulation, not oral responses to a trial court's admonitions. We also reject the State's claim we should consider documents contained in a supplemental reporter's record, including police and offense reports, a witness statement, an in-car DVD, and trial briefs from both parties as sufficient to render the error harmless. An oral stipulation that does not comply with the provisions of article 1.15 cannot be considered evidence. *See id*. To the extent the State relies on the documents contained in the supplemental reporter's record, these documents were not admitted into evidence at trial nor were they specifically identified at trial. Even if they had been admitted, they may not be considered evidence due to the stipulation error. We sustain appellant's issue.

Having concluded the convictions must be reversed due to stipulation error, the question is whether to remand for new trial or acquit. Appellant contends we should acquit him of both offenses, arguing that because the State failed to offer or otherwise "memorialize" the evidence

–4–

forming the basis of the stipulation, no evidence exists on which the fact-finder could base a verdict. Appellant cites *McClain* for the argument that acquittal is proper absent the admission of some type of writing showing an agreement to stipulate or the admission of other evidentiary documents. He says this was not a case of oversight but instead was a complete evidentiary failure mandating acquittal. We disagree with appellant's interpretation of *McClain* and with his legal analysis.

The record in this case shows that both appellant and the State intended for the trial court to decide these cases by stipulated evidence. Both sides submitted briefs and evidence for the trial court to review. Appellant orally agreed to the stipulation; the trial court said it would review the briefs and the evidence submitted by both sides and would decide if "you're either guilty of it or you're not." The parties treated the proceeding as a bench trial on stipulated facts, and no objection was made to the procedure or to the trial court's in-chamber review of the briefs and the evidence submitted by the parties. *See Ex parte Reagan*, 549 S.W.2d 204, 205 (Tex. Crim. App. 1977) (warrant that was neither formally introduced nor admitted into evidence, but was treated by court and parties as if admitted, supported extradition order); *Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (written stipulations that were not formally introduced or read into evidence, but treated by the court and parties as if admitted, supported the judgment); *Baker v. State*, No. 05-94-01760-CR, 1996 WL 156899, at *1 n.1 (Tex. App.—Dallas May 29, 1996, no pet.) (competency report not admitted, but treated by parties as if admitted, supported conclusion that defendant competent to stand trial). The trial court's failure to approve the stipulation in writing is trial error, not an evidentiary error or failure of proof. The Texas Court of Criminal Appeals considers these "errors of omission" and has held "errors of omission are only trial errors," meaning "acquittals will not be entered" under such circumstances. *McClain*, 730 S.W.2d at 743; *see Messer*, 729 S.W.2d at 700.

Further, the court of criminal appeals addressed this issue when evaluating the double jeopardy implications of a reversal by an appellate court of a conviction that was supported by inadmissible evidence–that is, stipulations orally admitted into evidence without written approval of the trial judge of the defendant's waiver of rights and consent to stipulate. *See Messer*, 729 S.W.2d at 699. Citing *Burks v. United States,* 437 U.S. 1, 15 (1978) and *Ex parte Duran*, 581 S.W.2d 683, 684 (Tex. Crim. App. [Panel Op.] 1979), the *Messer* court distinguished a reversal based on trial error from one based on the failure of the State to prove its case. *Messer*, 729 S.W.2d at 699. A "reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant." *Id*. (*quoting Burks*, 437 U.S. at 15)*.* Rather, it is a determination that the judicial process was defective in some fundamental respect, such as the incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. *Id*. at 699–700. "When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Id.* (*quoting Burks*, 437 U.S. at 15). Under these facts and existing case law, we cannot reverse on the stipulation issue and acquit.

We reverse the trial court's judgments and remand these causes to the trial court for new trial.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.7
121019F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRANDEN KEITH TAYLOR WILSON, Appellant

No. 05-12-01019-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-80602-2012.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 14th day of January, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRANDEN KEITH TAYLOR WILSON,
Appellant

No. 05-12-01020-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-80603-2012.
Opinion delivered by Justice Francis,
Justices FitzGerald and Myers participating.

     Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.


Judgment entered this 14th day of January, 2014.


/Molly Francis/
MOLLY FRANCIS
JUSTICE