

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00342-CR
_____

JEREMY JOHN MCCOY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 67,481-E; Honorable Douglas R. Woodburn, Presiding

May 4, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pursuant to an open plea of guilty, Appellant, Jeremy John McCoy, was convicted by the trial court of theft of work hand tools in an amount of $1,500 or more but less than $20,000, a state jail felony.[1] Punishment was assessed at two years confinement and a $1,000 fine. By a single issue, Appellant asserts the evidence is

---

[1] Tex. Penal Code Ann. § 31.03(a), (e)(4)(A) (West Supp. 2015). At the time of commission of the offense, theft of property valued between $1,500 and $20,000 was classified as a state jail felony. Effective September 1, 2015, the statute was amended by increasing the property values, so that a state jail felony is now classified as theft of property valued between $2,500 and $30,000. See Act of May 31, 2015, 84th Leg., R.S., ch. 1251, § 10, 2015 Tex. Gen. Laws 4209, 4213.

insufficient to support his conviction because the trial court failed to follow the requirements of article 1.15 of the Texas Code of Criminal Procedure regarding his judicial confession. We affirm.

BACKGROUND

Appellant worked at a sand and gravel company. He was accused of stealing tools from his employer and a co-worker. He then moved to Minnesota and did not return to Texas until he was arrested. The complainant, a co-worker, testified the tools taken were valued between $2,300 and $2,339 and one of the tools, a one and three-quarter inch drive socket set, belonged to his boss.

APPLICABLE LAW

A conviction in a felony case based upon a guilty plea cannot stand without sufficient evidence. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State*, 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). Evidence offered in support of a guilty plea may take many forms. *Menefee*, 287 S.W.3d at 13. A judicial confession that covers all the elements of the charged offense suffices to support the guilty plea. *Id.* However, a judicial confession that fails to establish every element of the offense charged will not authorize the trial court to convict. *Id.* at 14. Additionally, trial court approval of a particular form of evidence "must be approved by the trial court in writing, and be filed in the file of the papers of the cause." *See* art. 1.15.

Theft occurs when a person unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (West Supp.

2

2015).  In 2013, if the value of the property was more than $1,500 but less than $20,000, it was a state jail felony.  *Id.* at (e)(4)(A).

Appellant signed the necessary waivers for his guilty plea including a *Judicial Confession* in which he swore, "I committed each and every allegation . . . ."  The trial court's *Order on Waivers and Judicial Confession* provides, "[t]he Court, having admonished the defendant as required by law and having inquired of the foregoing statements . . . [finds] beyond a reasonable doubt that the Defendant's Judicial Confession is true and freely, knowingly, and voluntarily entered . . . ."

Relying on *McClain v. State*, 730 S.W.2d 739, 742 (Tex. Crim. App. 1987), Appellant questions the sufficiency of the evidence to support his conviction.  Specifically, he complains of the trial court's failure to mention the judicial confession at trial.  He also challenges the complainant's testimony regarding the value of the stolen tools as well as ownership of the tools.

In *McClain*, the trial court had not approved, *in writing*, the defendant's stipulation of evidence nor was it discussed in open court.  730 S.W.2d at 742.  The Texas Court of Criminal Appeals held the deficiency failed to comply with the mandatory requirements of article 1.15 and the stipulation of evidence could not be considered to support the defendant's conviction.  *Id.*

In the underlying case, Appellant signed the *Judicial Confession*, the trial court approved it by signed order, and the order was filed in the record.  It is inconsequential that the trial court did not discuss the *Judicial Confession* during the proceedings.  *See Palacios v. State*, 942 S.W.2d 748, 750 (Tex. App.—Houston [14th Dist.] 1997, pet.

3

ref'd) (holding that a stipulation of evidence filed and approved by the trial court and relied upon in accepting a guilty plea constitutes sufficient evidence to sustain the plea whether the stipulation was properly introduced into evidence or not). *See also Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

Additionally, at commencement of trial, the court stated: "You've signed a number of documents called waivers in which you give up all of your statutory and constitutional rights. Did you do that understanding what those rights were and after consultation with your counsel . . . ?" Appellant answered affirmatively and the court found his guilty plea voluntary. This was an affirmation of the contents of his *Judicial Confession*. We conclude the trial court did not fail to comply with the requirements of article 1.15 of the Texas Code of Criminal Procedure.

Evidence of the value of the stolen tools was also required to support Appellant's conviction. He maintains the State failed to prove ownership of the stolen tools and the minimum value of those tools to support what was then a state jail felony.

The State is required to allege the name of the owner of stolen property in its charging instrument. *Byrd v. State*, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011). An "owner" is a person who has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor. TEX. PENAL CODE ANN. § 1.07(a)(35)(A) (West Supp. 2015). Additionally, an employee of a business may be alleged as owner of property in a theft case. *Garza v. State*, 344 S.W.3d 409, 413 (Tex. Crim. App. 2011).

4

Here, the complainant was an employee of the business from which the tools were stolen. Although the witness did not segregate the value of the one and three-quarter inch drive socket set that belonged to his boss from the value of other tools, he did testify that the total value of the stolen tools exceeded the $1,500 minimum for a state jail felony. As an employee with the right to use all the tools, he had a greater right of possession to them than did Appellant. We conclude Appellant's theft conviction is supported by sufficient evidence. His sole issue is overruled.

CONCLUSION

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.