

# NUMBER 13-17-00119-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LEONARDO VASQUEZ,**                                                      **Appellant,**

**v.**

**STATE OF TEXAS,**                                                          **Appellee.**

### On appeal from the 138th District Court
### of Cameron County, Texas.

# ORDER ABATING APPEAL

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Order Per Curiam**

Appellant Leonardo Vasquez appeals his conviction for aggravated kidnapping.

*See* TEX. PENAL CODE ANN. § 20.04(b) (West, Westlaw through 2017 1st C.S.).  We

ABATE the case and REMAND it to the trial court for further proceedings consistent with this order.

On February 23, 2017, appellant filed with the trial court a request for preparation of the reporter's record. *See* TEX. R. APP. P. 34.6(a) & (b) (requiring the reporter's record to include "any of the exhibits that the parties to the appeal designate" by written request timely filed with the trial court clerk). In his request, appellant asked that "[a]ll exhibits offered or introduced into evidence" be prepared for inclusion in the reporter's record. On June 23, 2017, the official court reporter filed with this Court a 3-volume reporter's record without including an Exhibit Volume. The court reporter advised that

> the [r]eporter's [r]ecord [v]olume 2 indicates that State's Exhibits 1-6 were offered by the Prosecutor and admitted by the Court. In reading the Record, the Prosecutor does not specify in detail what each exhibit consisted of. I have done due diligence in looking for these exhibits in the trial court files and there are no exhibits that exist. There are not any documents with Exhibit stickers or handwritten notes specifying an exhibit. Therefore, this [r]eporter's [r]ecord will not contain a volume for Exhibits.

The appellate record in this case is incomplete in that it is missing trial exhibits. Accordingly, the appeal is ABATED and REMANDED to the trial court. In accordance with Rule 34.6(f)(4) of the Texas Rules of Appellate Procedure, the trial court is directed to conduct a hearing to determine: (1) if appellant has timely requested a reporter's record, including a proper designation of exhibits; (2) if, without appellant's fault, significant exhibits have been lost or destroyed; (3) if the lost and destroyed exhibits are necessary to the appeal's resolution;[1] and (4) if the lost or destroyed exhibits cannot be

---

[1] On appeal, appellant argues, among other things, that the trial court erred by failing to approve in writing his consent to stipulate to evidence, as required by article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. § 1.15 (West, Westlaw through 2017 1st C.S.) (providing that

replaced either by agreement of the parties or with copies determined by the trial court to accurately duplicate with reasonable certainty the original exhibits. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply. The case is ABATED and REMANDED to the trial court for further proceedings consistent with this order. The case will be reinstated upon further order of this Court.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of March, 2018.

---

there must be sufficient evidence to support a defendant's conviction, which may be accomplished through a stipulation to evidence, consented to by a defendant and "*approved by the court in writing*") (emphasis added); *see also McClain v. State*, 730 S.W.2d 739 (Tex. Crim. App. 1987) (concluding that evidence stipulated to by defendant could not be considered in determining whether there was sufficient evidence to support defendant's conviction, as required by article 1.15, where the defendant's consent to stipulate was not signed by the trial judge and where no other evidence was presented to substantiate guilt); *Ybarra v. State*, 93 S.W.3d 922, 927 (Tex. App.—Corpus Christi 2002, no pet.) (concluding that article 1.15 error stemming from the trial judge's failure to sign defendant's consent to stipulate was harmless where, independent of any stipulated evidence, the defendant's signed judicial confession was admitted into evidence at the plea hearing).