

# NUMBER 13-17-00119-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LEONARDO VASQUEZ,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 138th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Chief Justice Valdez

Appellant Leonardo Vasquez was charged with capital murder and aggravated kidnapping following the abduction and murder of Reyes Bocanegra. *See* TEX. PENAL CODE ANN. §§ 19.03(a)(2), 20.04(b) (West, Westlaw through 2017 1st C.S.). Vasquez plea-bargained for a thirty-year prison sentence on the aggravated kidnapping charge on the condition that the State drop the capital murder charge. In accordance with this plea-

bargain agreement, Vasquez pleaded guilty to aggravated kidnapping, he was sentenced to thirty years in prison, and the State dismissed the capital murder charge. The trial court granted Vasquez permission to appeal. This appeal followed.

Vasquez's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Vasquez's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), Vasquez's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Vasquez's counsel has also informed this Court that he has (1) notified Vasquez that he has filed an *Anders* brief and a motion to withdraw; (2) provided Vasquez with copies of both pleadings; (3) informed Vasquez of his rights to file

a pro se response, to review the record preparatory to filing that response, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeal is frivolous; and (4) provided Vasquez with a form motion for pro se access to the appellate record with instructions to file the motion in this Court. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Vasquez has filed a pro se brief, in which he raises two issues.[1]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the entire record, counsel's *Anders* brief, and Vasquez's pro se brief, we find nothing that would arguably support an appeal.[2] *See Bledsoe v.*

---

[1] After Vasquez filed his pro se brief, the State sought to include a copy of a presentence investigation (PSI) report in the appellate record. Over Vasquez's objection, we granted the State's motion. We are now of the opinion that the State's motion was improvidently granted. Accordingly, our review of the appellate record does not encompass the PSI report. Because the PSI report is not part of the appellate record, Vasquez is not entitled to review a copy of it for purposes of preparing a pro se response. Accordingly, the Cameron County District Clerk is under no obligation to furnish Vasquez a copy of the PSI report for purposes of this direct appeal.

[2] We note that Vasquez's pro se brief raised an issue regarding whether the trial court erred by failing to approve in writing his waiver of rights and consent to stipulate to evidence, as required by article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. § 1.15 (West, Westlaw through 2017 1st C.S.) (providing that no defendant shall be convicted of a felony in a case not tried to a jury without sufficient evidence of guilt and that such evidence may take the form of a stipulation, consented to by the defendant and approved in writing by the trial judge). In *McClain v. State*, the Texas Court of Criminal Appeals concluded that evidence stipulated to by a defendant could not be considered in determining whether there was sufficient evidence to support defendant's conviction, as required by article 1.15, where the defendant's consent to stipulate was not signed by the trial judge. 730 S.W.2d 739 (Tex. Crim. App. 1987). In *Ybarra v. State*, we held that the trial judge's failure to sign the appellant's consent to stipulate was harmless where "appellant signed a judicial confession wherein he confessed to committing the crime as alleged in the indictment, and this confession was admitted into evidence at the plea hearing." 93 S.W.3d 922, 927 (Tex. App.—Corpus Christi 2002, no pet.). Here, the trial judge did not sign Vasquez's consent to stipulate. However, as in *Ybarra*, this error was rendered harmless because Vasquez signed a judicial confession, which the trial court admitted into evidence at the plea hearing (as per the trial judge's seventh post-abatement finding of fact, dated June 7, 2018). Thus, we conclude that Vasquez's complaint under article 1.15 does not support an appeal.

3

*State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.　MOTION TO WITHDRAW

In accordance with *Anders*, Vasquez's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Vasquez and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. If Vasquez seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

4

                                                    **/s/ Rogelio Valdez**
                                                    ROGELIO VALDEZ
                                                    Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
28th day of June, 2018.